Hardy, Appellant, *v.* Clover Leaf Mills.

Argued April 26, 1967. Before BELL, C. J., MUS-
MANNO, JONES, EAGEN, O'BRIEN and ROBERTS, JJ.

*Samuel Lichtenfeld,* for appellant.

*C. Robert Elicker, Jr.,* with him *Perna, Delduco,
Kent & Elicker,* for appellee.

OPINION BY MR. JUSTICE EAGEN, July 14, 1967:

In this wrongful death action, the plaintiff appeals from the refusal of the court below to remove a compulsory nonsuit. The sole question for determination is, whether or not the evidence made out a prima facie case of negligence on the part of the defendant which was the proximate cause of the death of plaintiff's decedent.

The relevant testimony was as follows:

Willard Clarence Rosenberg, an employee of the defendant, was operating a tractor-trailer in the course of his employment, in a northerly direction on Route 202 in Paoli, Chester County, Pennsylvania. It was dark and raining. The tractor had its headlights burning on low beam and its windshield wiper was in active operation.

At the intersection of Routes 202 and 30, the tractor-trailer stopped for a red light. When the light turned green, it proceeded on its way. The highway consisted of four concrete lanes. There was no medial strip, but the lanes were designated by painted lines. The tractor-trailer traveled at a speed of 10 to 15 miles an hour in the extreme right lane for a distance of 65 to 70 yards from the stopping point, before described, when Rosenberg saw an automobile approaching in the inner lane from the opposite direction with its lights blinking and its horn blowing. Traffic was heavy at the time and another automobile, traveling in the same direction as Rosenberg with its horn blowing, passed the tractor-trailer. When the automobile approaching from the opposite direction reached a point approximately 40 feet from the tractor-trailer, it stopped and the driver thereof opened the door, leaned out and waved.[1] Rosenberg eased off the gas accelerator, kept moving, but looked in both mirrors and saw

---

[1] This individual did not testify at trial.

nothing in front or on either side that would affect the travel of his vehicle. Five seconds later he felt a bump on the steering axle. He immediately applied the brakes and stopped. Plaintiff's decedent was found lying in front of the forward axle of the trailer (16 feet from the front of the tractor) with the wheels touching the body. One quarter of the body was on the traveled portion of the highway and the remainder on the abutting shoulder. Death was pronounced shortly afterwards. At the point of the accident there was a building adjoining the highway with a narrow sidewalk in front thereof, separated from the highway by a blacktopped shoulder which was at least 6 feet in depth.

The applicable law is clear and well established. The burden was upon the plaintiff to prove by the fair weight or preponderance of the evidence, that the defendant's employee was negligent and such negligence was the proximate cause of the accident: *Flagiello v. Crilly*, 409 Pa. 389, 187 A. 2d 289 (1963), and *Zeman v. Canonsburg Boro.*, 423 Pa. 450, 223 A. 2d 728 (1966). A jury will not be allowed to guess or speculate that such negligence existed: *Flagiello v. Crilly*, supra. The mere happening of an accident, or the rebuttable presumption existing in a wrongful death action that the decedent exercised due care, does not establish negligence on the part of the defendant. *Lescznski v. Pittsburgh Rwys. Co.*, 409 Pa. 102, 185 A. 2d 538 (1962). In order for the issue of negligence to be a jury question, "the evidence presented must be such that by reasoning from it, without resort to prejudice or guess, a jury can reach the conclusion sought by plaintiff. . . ." *Smith v. Bell Telephone Co. of Pa.*, 397 Pa. 134, 138, 153 A. 2d 477, 479 (1959).

In the instant case, it was plaintiff's contention that Rosenberg was negligent, because he failed "to look in the direction in which he was traveling, to pay

attention to and see what was in front of him, and have his car under such control as to be able to stop within range of lights. . . ." It is true that the operator of a motor vehicle must be alert and have his car under such control at all times that it can be stopped before doing injury to any person in any situation that is reasonably likely to arise under the circumstances: *Enfield v. Stout,* 400 Pa. 6, 161 A. 2d 22 (1960), and *Downey v. Rymorowicz,* 397 Pa. 205, 154 A. 2d 179 (1959). But herein we have no evidence that Rosenberg was not alert or not paying attention to conditions on the highway; in fact, the only evidence is to the contrary. Likewise, the uncontradicted testimony establishes that the tractor-trailer was being operated at a reasonably safe rate of speed and came to a stop within a very short distance after the brakes were applied. As to the allegation that Rosenberg should have seen the decedent in the roadway and stopped before the collision, the evidence is completely barren of any proof that the decedent was in the roadway for a sufficient length of time beforehand for Rosenberg to have seen him and avoided the accident. See, *Bailey v. Gibbs,* 414 Pa. 238, 199 A. 2d 460 (1964). How decedent arrived in the highway, and when, were left to pure guess and conjecture.

Under the circumstances, the order of the court below was correct and is affirmed.

Mr. Chief Justice BELL concurs in the result.

Mr. Justice MUSMANNO dissents.

Mr. Justice COHEN took no part in the consideration or decision of this case.