## Laubach, Appellant, *v.* Haigh.

488

Argued January 10, 1969. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*Robertson B. Taylor,* with him *Francis H. S. Ede, Robert H. Holland,* and *Kolb, Holland, Antonelli & Heffner,* for appellant.

*Preston W. Moritz,* with him *E. Jerome Brose,* and *Brose, Poswistilo & LaBarr,* for appellee.

OPINION BY MR. CHIEF JUSTICE BELL, April 23, 1969:

Plaintiff appeals from the refusal of the lower Court to remove a compulsory nonsuit entered in a trespass action arising from an automobile accident. The pertinent principles of law are well settled: (1) a nonsuit can be entered only in clear cases and plaintiff must be given the benefit of all evidence favorable to him together with all reasonable inferences of fact arising therefrom, and any conflict in the evidence must be resolved in his favor; (2) plaintiff or his personal representative has the burden of proving by a fair preponderance of the evidence that defendant was negligent and that his negligence was the proximate cause of the accident; (3) the mere happening of an accident does not establish negligence nor raise an inference or presumption of negligence nor make out a prima facie case of negligence; (4) the presumption which exists in a wrongful-death action that the decedent exercised due care (a) is a rebuttable presump-

tion and (b) does not establish negligence on the part of the defendant; (5) a jury will not be allowed to find a verdict based on surmise or guess; and (6) if circumstantial evidence is relied upon for recovery, it must describe, picture or visualize what actually happened in order to enable the fact-finding tribunal reasonably to conclude that defendant was guilty of negligence and that his negligence was the proximate cause of the accident: *Hardy v. Clover Leaf Mills*, 426 Pa. 206, 232 A. 2d 755; *Flagiello v. Crilly*, 409 Pa. 389, 187 A. 2d 289; *Lescznski v. Pittsburgh Rwys. Co.*, 409 Pa. 102, 185 A. 2d 538; *Fegely v. Costello*, 417 Pa. 448, 208 A. 2d 243; and the many cases cited therein.

Plaintiff-administratrix's decedent died as a result of an automobile collision on April 17, 1966. There was no eyewitness of the automobile collision which resulted in plaintiff's decedent's death, and no evidence as to speed or the point or cause of collision. The parties stipulated that plaintiff's decedent and defendant were driving along Route 512 in opposite directions, and that after the collision each automobile was found on its proper side of the road but facing in the direction opposite from that in which it had been traveling. This evidence is insufficient to prove that defendant was negligent.

Plaintiff contends that the lower Court erred in not admitting into evidence the opinion of an expert witness, who was a traffic engineer, as to the angle of impact and the point of collision on the highway. There was no evidence that this witness was familiar with the scene of the accident or had examined the vehicles involved at any time before or after the accident. The plaintiff proposed to ask the witness to establish the angle of impact and point of collision on the highway, as well as the cause of the accident and the actions and directions of travel of the vehicles after

contact to their ultimate stopping places. Assuming, arguendo, that the hypothetical question which plaintiff proposed to ask the witness contained all the important and essential facts concerning the two automobiles, such evidence would not be admissible in this case; it would at most amount to a guess, or express an opinion which would be based on mere conjecture. Furthermore, it is well established that the admission of expert-opinion evidence is a matter for the discretion of the trial Court and will not be reversed, overruled or disturbed unless there was a clear abuse of discretion: *McCullough v. Holland Furnace Co.*, 293 Pa. 45, 50, 141 Atl. 631; *Griffith v. Clearfield Truck Rentals, Inc.*, 427 Pa. 30, 41, 44, 233 A. 2d 896; *Cooper v. Metropolitan Life Ins. Co.*, 323 Pa. 295, 301, 186 Atl. 125; *First Methodist Episcopal Church v. Bangor Gas Co.*, 7 Pa. D. & C. 2d 730, 741, aff'd P. C. 388 Pa. 115, 130 A. 2d 517.

Order affirmed.