## Perciavelle, Appellant, *v.* Smith.

Argued March 17, 1969.   Before BELL, C. J., JONES, COHEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*Louis M. Tarasi, Jr.,* with him *Conte, Courtney & Tarasi,* for appellant.

*Harold F. Reed, Jr.,* with him *J. Wilmer Martin,* and *Reed, Sohn, Reed & Kunselman,* for appellees.

OPINION BY MR. JUSTICE JONES, April 23, 1969:

This is an appeal from the refusal of the Court of Common Pleas of Beaver County to remove a compulsory nonsuit entered in an automobile accident case.

Vincent J. Perciavelle (appellant) approached the intersection of Seventh Street and Sixth Avenue in the City of Beaver Falls, Beaver County, in his automobile at approximately 10 p.m. on December 16, 1962. Appellant stopped at a stop sign on Seventh Street which forms the stem of a "T" intersection with Sixth Avenue, a through highway. Directly across Sixth Avenue, appellant spotted a parking place. After looking both ways and, at this time, seeing no traffic approaching in either direction in the near vicinity,* appellant drove across Sixth Avenue, stopped his car and put it in reverse. Before he could back into the parking space, his automobile was struck in the rear by an automobile driven by Wilbur E. Smith, Jr. (appellee).

At the close of appellant's case, the court below granted appellee's motion for a compulsory nonsuit on the grounds that appellant had not presented any evidence demonstrating that appellee had been negligent in striking appellant's automobile and that the evidence indicated that appellant had been contributorily negligent as a matter of law.

The rule governing the grant of compulsory nonsuits is clear. In *Engle v. Spino,* 425 Pa. 254, 256, 228

---

* After appellant reached the opposite side of Sixth Avenue and, while maneuvering to park, he saw headlights up Sixth Avenue "a distance and [he] figured there was enough time for [him] to get around."

A. 2d 745 (1967), we said, " '[A] judgment of nonsuit can be entered only in clear cases and plaintiff must be given the benefit of all evidence favorable to him, together with all reasonable inferences of fact arising therefrom, and any conflict in the evidence must be resolved in his favor: [Citing authority].' " The court below granted the nonsuit, inter alia, because appellant had presented no evidence that appellee's automobile was being operated negligently at the time of the accident. We think, on the contrary, that the record reveals that appellant presented sufficient evidence to avoid a nonsuit. Appellant testified that appellee—immediately after the collision—said, " 'If I had my car under control, I could have avoided hitting you.' " Miss Sylvia Stariha, a passenger in appellant's automobile, testified, "He [appellee] said not to worry about it; that he would take care of it, and he also said—he said, 'I saw you, sir.' He said he couldn't avoid hitting us. He said, 'I didn't have control of my car.' " Under the circumstances of this case, these two statements, admissible as admissions, were sufficient to raise a prima facie case of negligence against appellee.

The rule regarding the grant of a compulsory nonsuit because of the existence of contributory negligence as a matter of law is equally as stringent. "We have said again and again that contributory negligence should not be declared as a matter of law except in a very clear case and only where the evidence thereof is so clear and palpable that there is no room for fair and reasonable men to differ in their conclusions as to its existence." *Gillingham v. Patz*, 429 Pa. 308, 312, 239 A. 2d 287 (1968). The court below held that appellant was guilty of contributory negligence as a matter of law because the evidence indicated that he had not looked a second time in the direction from which

appellee's automobile approached before crossing Sixth Avenue. Appellant testified that, on three separate occasions, he continued to look in the direction of appellee's car as he crossed Sixth Avenue and prepared to back into the parking space. This evidence was not controverted. It is not within the province of the trial judge on a motion for a compulsory nonsuit to rule that this testimony was beyond belief. This testimony indicated that appellant was not contributorily negligent as a matter of law and, therefore, the compulsory nonsuit should not have been entered.

Order reversed and new trial granted.

Mr. Justice EAGEN took no part in the consideration or decision of this case.