## Parisella v. Pizio

*Sidney H. Black* and *Fred R. Cohen*, for plaintiffs.
*Bucci & Bucci* and *Max E. Cohen*, for defendant.

DOTY, Adm. J., SPORKIN and SLOANE, JJ., March 29, 1971.—This case is before the court on exceptions of George Pizio (defendant) to a nonjury verdict rendered by the Hon. Joseph D. Burke in favor of Louis Parisella, Jr., Louis Parisella, Sr., and Mary Ann Parisella (plaintiffs) in a trespass action.[1]

This matter was argued before a court en banc, consisting of the Hon. Ethan Allen Doty, the Hon. Maurice W. Sporkin and the Hon. Joseph Sloane, on a bill of exceptions in the nature of a motion for a new trial or judgment n.o.v. Therefore, we must view the evidence, together with all the reasonable inferences therefrom, in the light most favorable to the verdict winner: Glass v. Freeman, 430 Pa. 21 (1968); Lynch v. Metropolitan Life Insurance Co., 427 Pa. 418 (1967); Rutter v. Morris, 212 Pa. Superior Ct. 466 (1968).

---

[1] The court based its verdict upon the finding that defendant was negligent and such negligence was the proximate cause of injuries and damages sustained by plaintiffs.

The facts when viewed in this light show that on September 24, 1963, at approximately 4 p.m., minor plaintiff, Louis Parisella, then five years old, was riding a bicycle on Medina Street, a play street not wide enough for vehicular traffic, between Eighth and Ninth Streets in Philadelphia. Due to scattered sand left in the street be defendant,[2] the bicycle was caused to skid along the street, over the curb and into the wall of the building at 710 Medina Street, causing minor plaintiff to sustain the injuries which are the subject of the instant suit.

Defendant contends that Judge Burke committed error in that: (1) the verdict was against the evidence; (2) the verdict was against the weight of the evidence; (3) a nonsuit or directed verdict should have been granted; and (4) the several findings of fact and conclusions of law requested by defendant were denied.

The record further discloses that defendant knew that the street where the accident occurred was not wide enough for vehicular traffic and that children of tender years frequently used it as a play street. He also knew, or should have known, that sand left in the highway under the existing circumstances could create a slippery condition. Consequently, the court adjudged defendant guilty of negligence.[3] Moreover, we must conclude that, under the facts presented, the court did not commit error in holding that the negligence of defendant was the proximate cause of the injuries and losses sustained by plain-

---

[2] The record discloses that the sand was left in the street while defendant was repairing his sidewalk for four hours on the morning of the day of the accident.

[3] There was no question of contributory negligence, since plaintiff was five years old at the time of the accident.

tiffs. Defendant's contention that the verdict was against the evidence we believe, therefore, to be wholly without merit.[4]

We find defendant's second argument, that the verdict was against the weight of the evidence, likewise without merit. While defendant testified that the sand was not left on the street by him, yet by his own admission sand was used in the cementing of his sidewalk. However, defendant was contradicted not only by the minor plaintiff, but as well by plaintiff's mother, who testified that when she arrived at the scene of the accident, minor plaintiff's face was covered with sand and that the area in which her son skidded had to be hosed down to remove the sand.

As to the last two contentions of defendant, it is well settled that since a verdict for plaintiff was justified by the evidence, a nonsuit or directed verdict obviously could not be granted nor could defendant's proposed findings of fact and conclusions of law be upheld. This is obvious since in determining whether a directed verdict or nonsuit should be granted, the evidence and all the reasonable inferences therefrom must be taken in the light most favorable to the party against whom the motion is made: Perciavelle v. Smith, 434 Pa. 86 (1969); Lauback v. Haigh, 433 Pa. 487 (1969); Whitley v. Philadelphia Transportation Co., 211 Pa. Superior Ct. 288 (1967).

Accordingly, for the foregoing reasons, defendant's exceptions were dismissed.

[4] Defendant in his brief also contends that discrepancies between the complaint and the testimony at trial concerning the place of the accident were so significant as to make the complaint defective. However, we find that in the instant case, the question whether the accident occurred in the street or on the sidewalk was wholly immaterial as far as defendant's alleged negligence was concerned.