Latch, Appellant, *v.* Reburn.

Argued June 21, 1971. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*John Paul Curran,* for appellant.

*Joseph T. LaBrum, Jr.,* with him *Francis T. Sbandi,* and *Fronefield, deFuria & Petrikin,* for appellee.

*R. Barclay Surrick,* with him *Cramp and D'Iorio,* for appellee.

OPINION BY HOFFMAN, J., September 21, 1971:

This case involves an action for damages resulting from personal injuries sustained from a fall in defendant-appellees' gasoline service station. According to

plaintiff-appellant's testimony, he stopped his car at the station in order to purchase gasoline. As the tank was being filled appellant, who had never been inside the garage, asked the attendant for directions to the rest room. The attendant directed him "to go in the side door, turn to the left, to the extreme front end of the car, make a sharp right and the men's room is directly across from that." Appellant walked in the door, turned left alongside the car parked in the garage, and at the front of the car made "a sharp right, as I was instructed to do." At this point he fell into a repair pit, which was protruding about thirty inches from under the car, and suffered extensive injuries. Appellant testified that he did not see the pit because the car covered most of it and because the car's shadow made the area of the pit opening very dark.

At the conclusion of testimony the lower court, sitting with a jury, granted appellees' motions for directed verdicts. The instant appeal followed.

The parties agree that appellant was a business invitee. As such the occupiers of the premises had the affirmative duty to keep the premises reasonably safe and to give him adequate warning of dangerous conditions. *Mathis v. Lukens Steel Co.*, 415 Pa. 262, 203 A. 2d 482 (1964). However, there was no duty to warn appellant against a danger that was obvious. *McCreery v. Westmoreland Farm Bureau*, 357 Pa. 567, 55 A. 2d 399 (1947). In granting a directed verdict the lower court found that the repair pit was an obviously dangerous condition and that appellant was contributorily negligent as a matter of law for failing to avoid this obvious danger. The issue before this Court on appeal is whether the jury should have been allowed to consider whether the danger was obvious.

It has long been the law in Pennsylvania that a judgment of nonsuit can be entered only in obvious cases and the plaintiff receives the benefit of all favor-

able evidence and all reasonable inferences arising therefrom. With particular regard to contributory negligence, our Supreme Court has "said again and again that [it] should not be declared as a matter of law except in a very clear case and only where the evidence thereof is so clear and palpable that there is no room for fair and reasonable men to differ in their conclusions as to its existence." *Perciavelle v. Smith,* 434 Pa. 86, 89, 252 A. 2d 702, 703 (1969).

Although an open pit might ordinarily appear to constitute an obvious danger, appellant's testimony indicates that, in the factual situation present in this case, the danger was effectively concealed. Appellant had never been in the garage previously and had no reason to know that a pit was there. In fact, appellant testified that as he entered the garage he noticed legs sticking out from under the car, which would indicate the surface was level. He said that he could not see the narrow opening through which he fell because the garage was only indirectly illuminated by light from the outside. What light there was did not fall on the opening because of the car's shadow. Giving appellant the benefit of all favorable testimony, there is certainly room for reasonable disagreement as to whether the danger was obvious.

In addition, there is authority in Pennsylvania for the proposition that the obviousness of a danger is a factor that must be weighed against other conditions which would reasonably attract a person's attention. Thus, in *Stringert v. Lastik Products Co., Inc.,* 307 Pa. 503, 155 A. 2d 625 (1959), the plaintiff was a laborer who was moving materials on a roof. He testified that he had made an initial general view of the roof but on his next trip with a wheelbarrow fell through an unguarded hole four by six feet in size. Similarly, in *Johnson v. Rulon,* 363 Pa. 585, 70 A. 2d 325 (1950), the plaintiff walked into a restaurant with which he

400

was very familiar and while reading the menu on the wall fell through a large open trap door. In both cases, the Supreme Court held that the issue of contributory negligence was for the jury. Here appellant's attention was directed toward the rest room door. He was told to follow a particular route, and could justifiably assume that the path was safe from obscured dangers.

The jury should have been allowed to determine whether the repair pit was an obvious danger. Therefore, the order of the lower court is reversed with a procedendo.

WRIGHT, P. J., WATKINS and MONTGOMERY, JJ., dissent.