**Murray, Admrx. v. Battaglia Trucking Company**

*Fred T. Cadmus, 3rd.,* for plaintiff.

*Robert S. Gawthrop, Jr.,* for defendants.

MARRONE, J., January 31, 1972.—In this action, June K. Murray, administratrix of the estate of John W. Murray, deceased, sought to recover damages under the survival statute and under the wrongful death act. The deceased, John W. Murray, was killed as a result of an accident which occurred on Route 100 in South Coventry Township, Chester County, Pa., on September 14, 1966. At the time, decedent was operating a vehicle in a southerly direction on Route 100 in South Coventry Township, Chester County, Pa., when it was involved in a collision with a tractor-trailer being operated by William H. Scheetz, Jr., who was at the time traveling in a northerly direction on the said route. From all indications, John W. Murray was killed instantly. The jury found in favor of defendant. A motion for new trial followed.

To sustain the burden of proving negligence on the part of defendant Scheetz, plaintiff relied on the testimony of certain persons residing in the immediate area of the impact. These people arrived on the scene shortly after the accident, one testifying that when he arrived the vehicles had not been moved and that he noticed debris in the southbound lane of Route 100. Another plaintiff witness also testified to this. It was raining very hard at the time of the accident which occurred on a bridge at a point in the road where the road curved at or near its crossing at French Creek. Subsequent witnesses placed the debris at other locations.

The only eyewitness to the accident was defendant Scheetz and a portion of his deposition was read into evidence by plaintiff after which plaintiff offered to call an expert witness, Walter van ness Pruyn, reportedly an expert in the field of accident causes and accident reconstruction. The court was advised that this witness had testified in approximately a hundred cases in New York, New Jersey and in the Federal Court for the Eastern District of Pennsylvania, as well as in adjoining counties. The offer set forth that he had made a personal examination of the accident scene following his being retained by counsel and had studied the various photographs which had been admitted into evidence and had been present in the courtroom throughout the testimony offered by plaintiff concerning liability and the cause of the accident.

It was argued that there was a necessity for expert testimony relating to the various forces and all the elements involved to permit plaintiff to prove the point of impact and the angle of impact. The offer was refused by the court. The offer was once more renewed when permission was sought to use the expert in rebuttal following the conclusion of the testimony of defendant Scheetz.

At argument and in plaintiff's brief the only reasons pressed in support of the motion for a new trial were the refusal of the two offers of the testimony of the expert witness and the overruling of plaintiff's objection to testimony of a State Police officer concerning skid marks on the highway.

Plaintiff contends that the court erred in not admitting into evidence the opinion of the expert when it was offered in her case in chief. At that time, it was refused by the court because there was already testimony by two of the witnesses that debris was

seen immediately after the accident in the southbound lane of travel. Since the only averment of negligence which could have been proven on the testimony presented by plaintiff was the presence of defendant's vehicle on the wrong side of the road, the court was of the opinion that no expert testimony was needed to establish that fact. When the offer was originally made, it included the fact that part of the expert's opinion would be based on anticipated testimony, i.e., that of defendant Scheetz. When questioned by the court, counsel for plaintiff withdrew his offer as it applied to anticipated testimony although he "knew from the depositions of the defendant what defendant would testify to." The court considered the offer and once more refused it because it appeared that there were sufficient facts for the jury to pass on the question of the point of impact. Furthermore, while it was set forth that the expert had viewed the scene at some indeterminate time after the accident, he had never examined the vehicles involved at the time or after the accident. There was no testimony as to the speed of the vehicle operated by the deceased nor of the composition of the roadway at the time of the collision. Neither was there any testimony as to the wear, type or quality of the tires on either vehicle. It appeared to the court that to allow the testimony would be permitting the expert to base his opinion as to the point of impact and the angle of collision on a hypothetical question based on assumptions which the jury would not be warranted in finding from the evidence: Battistone v. Benedetti, 385 Pa. 163 (1956).

Since the admission of expert opinion evidence is a matter for the discretion of the trial court, our only inquiry is to determine whether there was a clear abuse of discretion in not permitting the testimony in this case: Laubach v. Haigh, 433 Pa. 487 (1969).

Plaintiff argues that the court abused its discretion and that the instant case does not come under the rule announced in Laubach, supra. In that case, there was no evidence that the witness was familiar with the scene of the accident or had examined the vehicles involved. Here, while he examined the scene of the accident at some undisclosed time, he had never examined the vehicles involved. In Laubach, supra, the court held that even if the hypothetical question which plaintiff proposed to ask the witness contained all the important and essential facts concerning the two automobiles, such evidence would not be admissible, since it would, at most, amount to a guess or express an opinion which would be based on mere conjecture. The same may be said in this case where there were many facts which would have had to have been surmised or assumed by the expert.

Both parties agreed that the true issue in the case was where the accident happened. There was sufficient testimony to allow the case to go to the jury on that question and the jury could have inferred from the testimony presented without the aid of expert testimony that the accident happened in one or the other of the two lanes of travel. It is a fairly common premise that an expert's testimony must be concerning a matter in which the jury needs expert help. This is not a case where plaintiff suffered a compulsory nonsuit by reason of the fact that there was an inability to prove negligence. The court properly submitted the issue of negligence to the jury on the testimony of plaintiff's witnesses, finding no need for an expert to establish any negligence. Accordingly, the court's ruling was correct.

When plaintiff again offered the expert's testimony in rebuttal and again was refused the opportunity to

present that testimony, there still was no abuse of discretion on the part of the court. In rebuttal, plaintiff offered the expert to show the impossibility of the accident having happened as was described by defendant Scheetz. Again, the court ruled against plaintiff, since there was no testimony positively describing where the vehicles ended up after the accident nor was there any testimony regarding the speed of the Buick vehicle driven by decedent. Counsel amended the offer to show that his expert's testimony would include an opinion as to the speed of the victim's vehicle. This, too, was denied by the court and properly so. First of all, an expert witness's testimony, while it may be used to prove negligence, may not be used to prove that other causes were unlikely: Houston v. Canon Bowl, Inc., 443 Pa. 383 (1971). Even assuming the offer was more inclusive than what was understood by the court, i.e., the impossibility of the accident's happening as defendant described it, because of the reasons set forth in the court's refusing the testimony on direct, we find no abuse of discretion on the part of the court in refusing to permit the expert to testify in rebuttal.

The next assignment of error is that the court permitted, over plaintiff's objection, testimony of a State Trooper as to a mark on the highway. In that regard, the trooper testified that when he arrived at the scene some 25 minutes following the accident, he examined the surface of the highway and "found one skid mark on the surface of the highway." When asked to locate that skid mark, there was an objection by plaintiff's counsel and the court overruled the objection, indicating that after the skid mark was located the court would again rule on it. There was a motion to strike his testimony in that regard as well

as his testimony relating to the debris which he noticed on the roadway when he arrived. His motion was denied.

First of all, as to the debris, the officer testified from photographs which had been offered by plaintiff and admitted into evidence prior to his testimony. As to the skid mark when the witness failed to follow up with a description of the location of the mark, obviously it was irrelevant and the jury was so instructed in the court's charge. The trooper testified on cross-examination that he couldn't tell who made the mark or if it was even made by either vehicle involved in this accident. The court in its charge to the jury cautioned them to disregard the testimony regarding the skid mark in its entirety. The court further cautioned the jury that it had nothing to do with the facts in the case insofar as establishing negligence was concerned, and that it was not tied in in any way to permit them to consider it in ascertaining the negligence of either party in this case. We find no prejudice resulted from the admission into evidence of the testimony. Frankly, there is no difference in striking the testimony of the witness and so instructing the jury from what happened in this case where, while the motion to strike was denied, the jury was instructed carefully not to consider the disputed evidence. Finding no prejudicial effect on plaintiff, we are of the opinion that plaintiff's motion based on that reason must also be denied.

## ORDER

And now, January 31, 1972, plaintiff's motion for a new trial is hereby refused.