## Nixon Hotel, Incorporated, Appellant, *v.* Redevelopment Authority of the City of Butler, Appellee.

Argued November 8, 1973, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

Lee C. McCandless, with him Frank P. Krizner and McCandless, Chew & Krizner, for appellant.

Martin J. O'Brien, for appellee.

OPINION BY PRESIDENT JUDGE BOWMAN, January 18, 1974:

Appellee, Redevelopment Authority, filed a declaration of taking under the Eminent Domain Code[1] in Butler County to which the appellant, Nixon Hotel, Incorporated, filed preliminary objections raising the questions of the sufficiency of appellee's bond, appellee's right and power to take and the procedure followed by appellee, alleging bad faith, unreasonable, arbitrary and capricious action.

Following the filing of an answer to appellant's preliminary objections, the appellant moved for a jury trial on the preliminary objections, which was granted. To this order appellee appealed to the Supreme Court, which appeal, on appellant's motion, was quashed.

---

[1] Act of June 22, 1964, Special Sess., P. L. 84, 26 P.S. §1-201 et seq.

Trial was held on the issues raised by appellant's preliminary objections and a verdict was returned for the appellee. After motions for Judgment N.O.V. and for a new trial were denied, appellant appealed to this Court. Numerous issues are presented by this appeal, and since we find them without merit the order of the lower court will be affirmed.

The Nixon Hotel property is located within a 12.8 acre area that was certified as blighted by resolution of the Bitler City Planning Commission and Zoning Commission on January 23, 1967.[2]

After appropriate notice and public hearing, the Council of the City of Butler approved by resolution the Redevelopment Proposal and Redevelopment Area Plan submitted by the Authority as required by law.

Negotiations for acquisition of the appellant's property by the appellee having failed, the appellee then passed a resolution condemning appellant's property and filed its declaration of taking.

The trial on appellant's preliminary objections commenced on May 3, 1972, was continued until May 16, 1972, and proceeded on May 17 and 18, 1972. On May 18, 1972, the trial was adjourned until May 23, 1972, on which day the trial was concluded with closing arguments and the court's charge. Appellant's initial contention is that the delays and adjournments conveyed the impression to the jury that the case was unimportant and due to the complexity of the issues a just decision could not have been rendered.

The record reveals that the trial judge repeatedly advised the jury of the importance of the case, and there is nothing in the record to suggest that the jury believed otherwise. Furthermore, the record reveals that in the pre-trial conference the estimated time of

---

[2] Urban Redevelopment Law, Act of May 24, 1945, P. L. 991, §9, *as amended*, 35 P.S. §1709(1)(k).

.

the trial was two days. That it considerably exceeded this estimate is no one's fault, rather the delays were unforeseeable necessitating the adjournments. We cannot say that two adjournments under these circumstances was unreasonable or that the trial judge abused his discretion. *Plow City*, 122 F. 2d 816 (3rd Cir. 1941), *cert. denied*, 315 U. S. 798 (1942), cited by the appellant, is inapposite.

The appellant next contends that the trial judge failed to properly instruct the jury as to the burdens of proof required by the appellant and the appellee. Two issues were submitted to the jury for their consideration. The first issue was whether the redevelopment area was blighted as the Authority had certified, and the second issue was whether the Authority acted in bad faith.

As to the question of the power and authority of appellee to condemn, a proper issue is whether the area in question was, in fact, blighted. *Faranda Appeal*, 420 Pa. 295, 216 A. 2d 769 (1966). And such an issue is properly raised by preliminary objections to a declaration of taking. The burden of proving that the area was in fact blighted is on the Authority.

As regards the second issue of bad faith, the appellant has the burden of proving this allegation and the burden is a heavy one. *Pittsburgh School District Condemnation Case*, 430 Pa. 566, 575, 244 A. 2d 42, 46 (1968).

Addressing itself to the issues of burdens of proof and presumptions, the trial judge states (R. 435a-437a) : "I think I should also point out to the jury that there is a strong presumption that in exercising municipal powers, municipal governing body has not abused its discretion, but has acted in good faith. That is only a presumption, but it can be overcome by other facts." As regards the parties' burdens of proof :

"In this case it is incumbent upon the Redevelopment Authority to establish that the area is blighted. *In other words, the Authority has the burden of proof in showing the area to be blighted.*

"In respect to the contention of the Nixon Hotel Incorporated, it charges that the authority acted in bad faith, unreasonably, arbitrarily, capriciously, discriminatorily and abused its power. *It is the burden of the Nixon Hotel to establish these allegations of bad faith,* unreasonableness, arbitrariness, capriciousness and discrimination . . . ." (Emphasis added.)

"From all of the testimony, what the jury is going to have to determine really boils down to two things:

"Number One: Whether the project area was blighted.

"It is incumbent upon the plaintiff, which is the Redevelopment Authority in this case, to prove *by a preponderance of the evidence* that the entire project was blighted.

"Now whether the other actions were arbitrariness, bad faith, unreasonableness, capriciousness and so on in respect to the entire project area, the burden of proving that is on the Nixon Hotel. *They must do this by the preponderance of the evidence likewise.*

"*But this burden here is a heavy one,* because of the fact that such allegations of bad faith and so on are made which certainly have a connotation of something ulterior." (Emphasis added.)

It is difficult to see how the trial judges could more clearly have delineated the issues in this case. That the varying burdens of proof are explained consecutively rather than at different instances in the charge serves to clarify not obfuscate the issues. The jury is better able to appreciate the distinction between the two burdens.

Appellant next contends that the trial court committed error in sustaining appellee's objections to ap-

pellant's "expert" witnesses testifying on the issue of blight. Whether or not to permit a witness to testify is discretionary with the court. *Laubach v. Haigh*, 433 Pa. 487, 491, 252 A. 2d 682, 683 (1969). And the trial court will not be reversed unless there is a clear abuse of discretion. *Laubach v. Haigh, supra,* 433 Pa. at 491, 252 A. 2d at 683.

A review of the record reveals that none of appellant's proposed expert witnesses qualified as an expert so as to express an opinion on the question of blight. Mr. Warnick was the appellant's first expert, a registered professional engineer. This witness on cross-examination, while stating that he was familiar with the area, admitted he had never studied or investigated the area. Furthermore, he admitted he was not a certified planner and that he had no experience in the field of planning and zoning or development.

Mr. Powell, a registered architect in Pennsylvania, was appellant's next proffered expert. Mr. Powell testified that the last project he worked on in the area was in 1960. The court held that this was too remote in time and sustained appellee's objection to qualifying him as an expert.

Finally, the appellant called Mr. Shoemaker, the owner of the Nixon Hotel. Mr. Shoemaker testified as to the improvements he made on the hotel, the last renovation being in 1958. The trial judge did not permit him to express his opinion on the issue of blight.

From a review of the record, we cannot say that the trial judge abused his discretion in not permitting appellant's witnesses to express their opinions as to blight. None of the witnesses had made a current evaluation of the area for the purpose of determining blight.

Appellant next argues that there has been an unlawful delegation of the power of eminent domain by the appellee to its development coordinator, Mr. Kaplan, citing *Faranda Appeal, supra.*

An examination of *Faranda Appeal,* reveals that it is clearly distinguishable from the case at bar. In that case the lower court dismissed appellant's preliminary objections without making a determination that the area was in fact blighted. The Supreme Court reversed and remanded with directions to the lower court to make a determination as to whether the area was in fact blighted.

In the instant case, the lower court has taken testimony and a jury has determined that the area is in fact blighted.

The appellant also contends that the appellee is required to permit the appellant self-rehabilitation. In *Redevelopment Authority of the City of Erie v. Owners or Parties in Interest,* 1 Pa. Commonwealth Ct. 378, 394, 274 A. 2d 244, 252 (1971), this Court stated:

"We conclude that (1) the pressure exerted on the redeveloper; (2) the modification of the redevelopment plan to the prejudice of the plan; (3) the refusal to permit appellants to eradicate the blighted condition of their property and (4) the understanding with Pulakos that he should receive appellants' property, prior to the filing of the Declaration of Taking, were sufficient circumstances to constitute *palpable bad faith.* Therefore, such a taking was beyond the power conferred upon the Authority by law." (Emphasis added.)

In that case, unlike the case at bar, the actions of the Authority when viewed as an integrated whole were demonstrative of bad faith. That the Authority did not offer the owners an opportunity for self-rehabilitation was only one of four factors that, considered together, was found to constitute bad faith. This Court did not imply or state that a redevelopment authority had to offer self-rehabilitation in every case.

Referring to *Redevelopment Authority of the City of Erie v. Owners or Parties in Interest, supra,* 1 Pa.

Commonwealth Ct. at 382, 274 A. 2d at 246-47, therein it was also stated:

"The proposal that was developed, with the help of a firm of expert planners, provided that appellants' property, the Pulakos property, and several other properties, be assembled to provide the needed land area for the construction of a downtown hotel. If this proposal had been followed, the appellants likely would not have had a basis to oppose the condemnation of their property because, as was said in *Schenck v. Pittsburgh*, 364 Pa. 31, 35-36, 70 A. 2d 612, 614 (1950), '. . . in the absence of an indication that the Commission did not act in good faith or was wholly arbitrary in certifying the area designated by it as blighted, its certification to that effect is not subject to judicial review,' and, 'since [the Urban Redevelopment Law] gives the power of eminent domain to the Urban Redevelopment Authority, it is for that agency, and not for the courts, to determine whether or not the power should be exercised in this particular instance. . . .' "

Again in the case at bar there has been an affirmative finding that the Authority did not act in bad faith. A finding that it acted in good faith precludes this Court from scrutinizing the wisdom of the Authority's decision of exercising its power in this case.

Finally, the appellant argues that the appellee failed to obtain a written determination from the Secretary of Housing and Urban Development that the objectives of the urban renewal plan could not be achieved through rehabilitation of the project area. The lower court in his charge on page 450a said that the Act[3] was substantially complied with and thus of no consequence. We agree.

The statute in question provides that the Secretary must determine that the objectives of the urban renewal

---

[3] 42 U.S.C. §1460(c).

plan cannot be achieved through rehabilitation of the project area before entering into a contract for a loan or capital grant for any project which provides for demolition and removal of buildings. Nowhere in the statute is it stated that this determination need be in writing. In the absence of proof to the contrary, the law presumes that a public official acted pursuant to proper authority and that he properly performed every duty and met every requirement necessary or essential to the validity of his official act. *McIntosh Road Materials Co. v. Woolworth,* 365 Pa. 190, 211, 74 A. 2d 384, 394 (1950). Since the Secretary approved appellee's applications, it is presumed that he complied with the statute absent a showing to the contrary. No such showing has been made in the instant case.

Although neither of the parties has raised it as an issue, we deem it appropriate to comment on the propriety of the lower court in submitting the issues raised by the preliminary objections to a jury. In *Faranda Appeal, supra,* 420 Pa. at 302, 216 A. 2d at 773, the Supreme Court remanded to the lower court with directions that the lower court take testimony, by deposition or otherwise, and make a determination as to blight. Similarly, this Court in *Jacobs v. Nether Providence Township,* 6 Pa. Commonwealth Ct. 594, 599, 297 A. 2d 550, 553 (1972), held that the trial court should resolve the issue of a de facto taking raised by preliminary objections, and not submit the issue to viewers. Accordingly, we cannot approve the procedure adopted in this case, harmless though it be.

The order of the lower court is affirmed.