J-S86037-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| SHAD GUTSHALL | |
| Appellant | No. 796 WDA 2016 |

Appeal from the Judgment of Sentence March 2, 2016
In the Court of Common Pleas of McKean County
Criminal Division at No(s): CP-42-CR-0000400-2015

BEFORE: GANTMAN, P.J., MOULTON, J., and STEVENS, P.J.E.*

MEMORANDUM BY GANTMAN, P.J.:                    **FILED DECEMBER 7, 2016**

Appellant, Shad Gutshall, appeals from the judgment of sentence entered in the McKean County Court of Common Pleas, following his jury trial convictions for robbery, unlawful restraint, simple assault, and recklessly endangering another person ("REAP") and his bench trial conviction for the summary offense of harassment.[1]  We affirm.

The relevant facts and procedural history of this case are as follows. On April 26, 2015, Appellant approached an accomplice, Richard Gould, about collecting on a debt Jacob Borowsky ("Victim") allegedly owed Appellant.  Mr. Gould agreed to persuade his girlfriend to drive Mr. Gould

_____

[1] 18 Pa.C.S.A. §§ 3701(a)(1)(ii), 2902(a)(1), 2701(a)(3), 2705, and 2709(a)(1), respectively.

_____

*Former Justice specially assigned to the Superior Court.

and Appellant to the home of Victim's girlfriend. Before they arrived, Appellant moved behind the back seat to the cargo area of the vehicle, and covered himself with blankets to hide from view. Victim walked out of his girlfriend's home and got into the vehicle. As he did so, Appellant placed Victim in a chokehold and pressed "something cold" to Victim's head, which Victim believed was a gun. (N.T. Trial, 1/26/16, at 10). Appellant demanded Victim empty his pockets. Victim turned over approximately $100.00 to Appellant. Appellant then told Victim to exit the vehicle. Victim went back inside his girlfriend's home, and his girlfriend called police.

On August 28, 2015, the Commonwealth charged Appellant with the listed crimes. On October 2, 2015, Appellant filed a pretrial motion for *habeas corpus* relief, which the court denied following a hearing. Appellant proceeded to a jury trial. On January 26, 2016, the jury convicted Appellant of robbery, unlawful restraint, simple assault, and REAP. The court also convicted Appellant of harassment, and it ordered a pre-sentence investigation ("PSI") report. The court sentenced Appellant on March 2, 2016, to five (5) to ten (10) years' incarceration for the robbery conviction, with concurrent terms of six (6) to twelve (12) months' incarceration for simple assault and REAP.

Appellant timely filed a post-sentence motion on March 10, 2016, which the court denied following a hearing on May 4, 2016. Appellant timely filed a notice of appeal. On June 6, 2016, the court ordered Appellant to file

- 2 -

a concise statement of errors complained of on appeal pursuant to Pa.R.A.P.

1925(b); Appellant timely complied on June 20, 2016.

Appellant raises the following issues for our review:

1. DID THE TRIAL COURT ERR IN PERMITTING THE COMMONWEALTH TO INTRODUCE AT TRIAL A VIDEO RECORDING CONTAINING AUDIO WHICH PURPORTED TO BE OF THE INCIDENT GIVING RISE TO THE ABOVE-LISTED CHARGES WHEN THE PROPER FOUNDATION WAS NOT LAID PRIOR TO ITS ADMISSION INTO EVIDENCE BECAUSE THE WITNESS, RICHARD GOULD, DID NOT IDENTIFY THE VOICES IN THE RECORDING, NOR DID HE PROVIDE SUFFICIENTLY SPECIFIC INFORMATION CONCERNING THE CIRCUMSTANCES OF THE VIDEO AND AUDIO RECORDING.

2. DID THE TRIAL COURT ERR WHEN IT SUSTAINED THE COMMONWEALTH'S OBJECTION TO [APPELLANT] OFFERING INTO EVIDENCE THE TESTIMONY OF AMBER STULL-TUCKER, WHO WOULD HAVE TESTIFIED SHE HEARD THE ALLEGED VICTIM STATE THAT HE DID NOT WISH TO PURSUE THE CHARGES BUT WAS BEING FORCED INTO DOING SO WHEN SUCH EVIDENCE CONSTITUTES AN ADMISSION BY A PARTY OPPONENT.

3. DID THE TRIAL COURT ERR [IN] FINDING THAT THERE WAS SUFFICIENT EVIDENCE TO PROVE THE ROBBERY CHARGE WHEN, IN SUPPORT OF THE ROBBERY CHARGE, THE COMMONWEALTH DID NOT OFFER SUFFICIENT EVIDENCE THAT [APPELLANT] THREATENED THE VICTIM WITH SERIOUS BODILY INJURY WHERE THE CIRCUMSTANCES OF [APPELLANT'S] ALLEGED CONTACT WITH THE ALLEGED VICTIM DO NOT REASONABLY GIVE RISE TO A THREAT OF SERIOUS BODILY HARM, NOR WAS EVIDENCE OF ANY INJURY PRESENTED, AND WHEN THE VICTIM TESTIFIED HE WAS PLACED IN A "CHOKE HOLD" BUT DID NOT ARTICULATE THE NATURE OF HIS FEAR; WHERE THE RECORDING PURPORTING TO BE [APPELLANT] DID NOT MAKE ANY THREAT OF SERIOUS BODILY INJURY, NOR DID THE ALLEGED VICTIM TESTIFY TO ANY THREAT BEING MADE.

4. DID THE TRIAL COURT ERR IN FINDING THAT THERE

WAS SUFFICIENT EVIDENCE TO PROVE THE SIMPLE ASSAULT CHARGE WHEN THE COMMONWEALTH DID NOT OFFER SUFFICIENT EVIDENCE THAT [APPELLANT] THREATENED THE VICTIM WITH SERIOUS BODILY INJURY WHERE THE CIRCUMSTANCES OF [APPELLANT'S] ALLEGED CONTACT WITH THE ALLEGED VICTIM DO NOT REASONABLY GIVE RISE TO A THREAT OF SERIOUS BODILY HARM, NOR WAS EVIDENCE THAT ANY INJURY OCCURRED, AND WHEN THE VICTIM TESTIFIED HE WAS PLACED IN A "CHOKE HOLD" BUT DID NOT ARTICULATE THE NATURE OF HIS FEAR; WHERE THE RECORDING PURPORTING TO BE [APPELLANT] DID NOT MAKE ANY THREAT OF SERIOUS BODILY INJURY, NOR DID THE ALLEGED VICTIM TESTIFY TO ANY THREAT BEING MADE.

5. DID THE TRIAL COURT ERR IN FAILING TO GRANT A NEW TRIAL BASED ON AFTER-ACQUIRED EVIDENCE WHEN, AFTER THE CONCLUSION OF TRIAL, STATEMENTS WERE MADE TO [APPELLANT'S] FATHER BY THE ALLEGED VICTIM THAT THE INCIDENT DID NOT HAPPEN AS HE STATED AND THAT HE FELT PRESSURED BY THE COMMONWEALTH TO MAINTAIN THAT IT DID.

(Appellant's Brief at 5).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable William F. Morgan, we conclude Appellant's issues on appeal merit no relief. The trial court opinion comprehensively discusses and properly disposes of the questions presented. (*See* Trial Court Opinion, filed July 26, 2016, at 2-8) (finding: **(1)** Appellant's cohort, Mr. Gould, recorded cell phone video of crimes inside vehicle as they took place; video was relevant to show Appellant committed crimes consistent with Mr. Gould's testimony; Mr. Gould testified that recording was fair and accurate representation of events as they occurred, thus laying proper foundation for video's introduction;

video's probative value was not outweighed by danger of unfair prejudice; court properly admitted video into evidence;[2] **(2)** Appellant attempted to offer testimony at trial from Amber Stull-Tucker to testify that she had heard Victim state he did not wish to pursue charges and Commonwealth was forcing him to do so; court sustained Commonwealth's hearsay objection to proposed testimony; Appellant's contention that testimony constituted admission by party opponent is erroneous, as Victim is not "party" to case; **(3-4)** Victim testified at trial that when he entered vehicle, he was immediately placed into chokehold by person behind backseat of car; Victim said he felt something cold around his ear, which Victim believed was gun; Victim recognized Appellant as person assaulting Victim; Victim was told to empty his pockets and then to exit car; Victim testified he was scared and nervous during incident, and feared that he faced serious bodily injury; Commonwealth presented sufficient evidence to sustain Appellant's robbery and simple assault convictions; **(5)** in Appellant's post-sentence motion, he claimed Victim told Appellant's father after trial that incident did not happen

---

[2] "A party complaining, on appeal, of the admission of evidence in the court below will be confined to the specific objection there made. If counsel states the grounds for an objection, then all other unspecified grounds are waived and cannot be raised for the first time on appeal." ***Commonwealth v. Lopez***, 57 A.3d 74, 81-82 (Pa.Super. 2012), *appeal denied*, 619 Pa. 678, 62 A.3d 379 (2013). At trial, Appellant's counsel objected to the video recording on the basis that it was a wiretap violation. The court overruled the objection. Appellant's contention on appeal, that the Commonwealth failed to lay a proper foundation for introducing the video at trial, was not raised before the trial court and is therefore waived. ***See id.***

as Victim testified and that Victim felt pressured by Commonwealth to maintain that it did; Appellant failed to offer Victim or Appellant's father as witnesses at hearing on post-sentence motion; thus, court had no testimony to support Appellant's claim of after-acquired evidence; court therefore properly denied Appellant's post-sentence motion).  The record supports the court's decision.  Accordingly, we affirm on the basis of the trial court opinion.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/7/2016

COMMONWEALTH OF PENNSYLVANIA     IN THE COURT OF COMMON PLEAS OF

vs.     McKEAN COUNTY, PENNSYLVANIA

SHAD M. GUTSHALL,     CRIMINAL DIVISION

        Defendant.     NO. 400 CR 2015

---

**Date: July 25, 2016**

### 1925(a) STATEMENT

At a jury trial held on January 26, 2016, the Defendant was convicted of four counts: Count 1 - Robbery (F1), Count 2- Unlawful Restraint (M1), Count 3- Simple Assault – Physical Menace (M2), and Count 4- Recklessly Endangering Another Person (M2). The Defendant raises five issues on appeal: 1) the trial court erred in permitting the Commonwealth to introduce at trial a video recording containing audio which purported to be of the incident giving rise to the above-listed charges when the proper foundation was not laid prior to its admission into evidence because the witness, Richard Gould, did not identify the voices in the recording, nor did he provide sufficiently specific information concerning the circumstances of the video and audio recording; 2) the trial court erred when it sustained the Commonwealth's objection to Defendant's offering into evidence the testimony of Amber Stull-Tucker, who would have testified she heard the alleged victim state that he did not wish to pursue the charges but was being forced into doing so when such evidence constitutes an admission by a party opponent; 3) the trial court erred in failing to grant a new trial based on after-acquired evidence when, after conclusion of trial, statements were made to the Defendant's father by the alleged victim that the incident did not happen as he stated and that he felt pressured by the Commonwealth to maintain that it did; 4) the trial court erred in finding that there was sufficient evidence to prove the Robbery charge when, in support of the

$(6)$

Robbery charge, the Commonwealth did not offer sufficient evidence that the Defendant threatened the victim with serious bodily injury where the circumstances of Defendant's alleged contact with the alleged victim do not reasonably give rise to a threat of serious bodily harm, nor was evidence of any injury presented, and when the victim testified he was placed in a "choke hold" but did not articulate the nature of his fear; where the recording purporting to be the Defendant did not make any threat of serious bodily injury, nor did the alleged victim testify to any threat being made; and, 5) the trial court erred in finding that there was sufficient evidence to prove the Simple Assault charge when, in support of the Robbery charge, the Commonwealth did not offer sufficient evidence that the Defendant threatened the victim with serious bodily injury where the circumstances of Defendant's alleged contact with the alleged victim do not reasonably give rise to a threat of serious bodily harm, nor was evidence of any injury presented, and when the victim testified he was placed in a "choke hold" but did not articulate the nature of his fear; where the recording purporting to be the Defendant did not make any threat of serious bodily injury, nor did the alleged victim testify to any threat being made.

## APPLICABLE AUTHORITY and ANALYSIS

In evaluating a challenge to the sufficiency of the evidence on appeal from a criminal conviction, the Superior Court must determine whether, viewing the evidence in the light most favorable to the Commonwealth as verdict winner, together with all reasonable inferences therefrom, the trier of fact could have found that each and every element of the crimes charged was established beyond a reasonable doubt. Commonwealth v. Lee, 956 A.2d 1024, 1028 (Pa. Super. 2008). The facts and circumstances established by the Commonwealth need not be absolutely incompatible with the defendant's innocence, but the question of any doubt is for the factfinder unless the evidence is so weak and inconclusive that as a matter of law no probability

2

of fact can be drawn from the combined circumstances. <u>Commonwealth v. Baker</u>, 24 A.3d 1006, 1019 (Pa. Super. 2011) (internal citation references omitted).

### 1. Video Recording

A video recording is demonstrative evidence if it is:

(1) is properly authenticated pursuant to Pa.R.E. 901 as a fair and accurate representation of the evidence it purports to portray; (2) is relevant pursuant to Pa.R.E. 401 and 402; and (3) has a probative value that is not outweighed by the danger of unfair prejudice pursuant to Pa.R.E. 403.

<u>Commonwealth. v. Serge</u>, 896 A.2d 1170, 1179 (Pa. 2006). First, Robert Gould testified to the authenticity of the video as a fair and accurate representation that he recorded:

Q. Now when you pulled up to his house did you record this incident on the cell phone?

A. Yes, it should be in your possession.

Q. And you -- and you watched that video?

A. Yah, I watched it.

Q. Okay. And that video represents a true and accurate depiction of the events as they occurred on that day?

A. Yes.

Jury Trial Transcript, January 26, 2016, Page 57, Line 16 through Line 23. Second, evidence is relevant if:

(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and
(b) the fact is of consequence in determining the action.
*Comment:* This rule is identical to F.R.E. 401.
Whether evidence has a tendency to make a given fact more or less probable is to be determined by the court in the light of reason, experience, scientific principles and the other testimony offered in the case.

Pa.R.E. 401and Comment, Pa. R. Evid. 401. The decision of relevance rests in the Court's "sound discretion[.]" <u>Laubach v. Haigh</u>, 252 A.2d 682, 683 (Pa. 1969).

3

In determining the admissibility of evidence:

> "[T]he admission of evidence is within the sound discretion of the trial court and will be reversed only upon a showing that the trial court clearly abused its discretion. Admissibility depends on relevance and probative value. Evidence is relevant if it logically tends to establish a material fact in the case, tends to make a fact at issue more or less probable or supports a reasonable inference or presumption regarding a material fact. Evidence, even if relevant, may be excluded if its probative value is outweighed by the potential prejudice."

Klein v. Aronchick, 85 A.3d 487, 498 (Pa. Super. 2014), reargument denied (Mar. 18, 2014) (internal citations omitted). Here, the video was relevant to show that the crimes of robbery, unlawful restraint, simple assault by physical menace, and recklessly endangering another person were committed by the Defendant as Richard Gould testified to being inside the Jeep when the crimes occurred and to recording the video that portrayed what was occurring at the time it was taken and what was being said. Third, the video's probative value was not outweighed by the danger of unfair prejudice as the video would unlikely cause the jury to speculate or become confused but, instead, it recorded what occurred inside the Jeep. In sum, the trial court did not err when it permitted the video recording containing audio to be admitted into evidence. A proper foundation had been laid and the evidence was relevant.

## 2. Testimony of Amber Stull-Tucker

At trial, the Defendant attempted to offer the testimony of Amber Stull-Tucker, who would have testified she had heard the victim state that he did not wish to pursue the charges but was being forced into doing so and such evidence constituted an admission by a party opponent. The Commonwealth objected and the court sustained the objection as the proposed testimony would be hearsay and would not have been within a recognized exception to the hearsay rule.

4

Under the Pennsylvania Rules of Evidence 803: Exceptions to the Rule Against Hearsay

(25): An Opposing Party's Statement, the statement is offered against an opposing party and:

> (A) was made by the party in an individual or representative capacity;
> (B) is one the party manifested that it adopted or believed to be true;
> (C) was made by a person whom the party authorized to make a statement on the subject;
> (D) was made by the party's agent or employee on a matter within the scope of that relationship and while it existed; or
> (E) was made by the party's coconspirator during and in furtherance of the conspiracy.

The statement may be considered but does not by itself establish the declarant's authority under (C); the existence or scope of the relationship under (D); or the existence of the conspiracy or participation in it under (E).

Pa.R.E. 803(25). Here, the statement of the victim to Amber Stull-Tucker that he did not want to pursue the charges and was being forced into doing so would not be considered an admission by a party opponent as the victim is not a party to this action as it does not fit into one of the exceptions under Pa.R.E. 803(25)(A-E).

### 3. Failure to Grant New Trial

Defendant claims that the trial court erred in failing to grant a new trial based on after-acquired evidence when, after conclusion of trial, statements were made to the Defendant's father by the alleged victim that the incident did not happen as he stated and that he felt pressured by the Commonwealth to maintain that it did.

> A trial court should grant a motion for new trial on the ground of after-discovered evidence where producible and admissible evidence discovered after trial (1) could not have been obtained prior to the end of trial with the exercise of reasonable diligence; (2) is not merely corroborative or cumulative evidence; (3) is not merely impeachment evidence; and (4) is of such a nature that its use will likely result in a different verdict on retrial.

Commonwealth v. Lyons, 79 A.3d 1053, 1068 (2013).

At the hearing for Defendant's Post-Sentence Motion, the court denied the motion to grant a new trial based on the above alleged statements made to the Defendant's father. Further, neither the

5

victim nor the Defendant's father was called at the time of the Post-Sentence Motion to testify to the above conversation. Therefore, the court had no evidence upon which it could consider what is being described as "after-acquired evidence." The Court's denial of the Post-Sentence Motion was proper.

## 4. Robbery

As stated in 18 Pa.C.S.A. § 3701, "[a] person is guilty of robbery if, in the course of committing a theft, he: (i) inflicts serious bodily injury upon another; (ii) threatens another with or intentionally puts him in fear of immediate serious bodily injury; (iii) commits or threatens immediately to commit any felony of the first or second degree; (iv) inflicts bodily injury upon another or threatens another with or intentionally puts him in fear of immediate bodily injury; (v) physically takes or removes property from the person of another by force however slight; or (vi) takes or removes the money of a financial institution without the permission of the financial institution by making a demand of an employee of the financial institution orally or in writing with the intent to deprive the financial institution thereof." 18 Pa.C.S.A. § 3701. Evidence was presented at trial of the following: a) the Defendant Shad Gutshall was in the course of committing a theft of the victim's money, and, b) the Defendant threatened the victim, Jacob M. Borowsky, by placing him in a chokehold which put him in fear of immediate serious bodily injury. At trial, Jacob Borowsky testified:

Q. Okay. And did you have a chance to come into contact with the Defendant on the date of April 26th, 2015?

A. Yah, yes.

Q. Okay. And how did you come into contact with him?

A. When I entered a Jeep I was surprised with a chokehold from behind.

Q. Okay. And did anything else happen during this time?

6

A.    I was just told to empty my pockets and then afterwards I was told to get out.

Q.    Okay. Was anything placed by your head?

A.    I'm not sure. I just felt something cold like right around my ear.

Q.    Okay. And at the time what did you believe that was?

A.    I thought it was a gun.

Q.    Okay.

A.    Like that is what I first thought.

Q.    And how did you feel at that time?

A.    Nervous and just scared.

Jury Trial Transcript, January 26, 2016, Page 9, Line 20 through Page 10, Line 14. The victim testified to the fact that he was placed in a chokehold, told to empty his pockets, and that something cold was placed next to his ear, which he thought to be a gun. Further, the victim stated he was nervous, scared, and thus feared that he may have been presented with serious bodily injury. Said evidence was sufficient for the fact finder, the jury, to find that a robbery was committed.

### 5. Simple Assault – Physical Menace

As stated in 18 Pa.C.S.A. § 2701, a person commits simple assault "if he: (1) attempts to cause or intentionally, knowingly or recklessly causes bodily injury to another; (2) negligently causes bodily injury to another with a deadly weapon; (3) attempts by physical menace to put another in fear of imminent serious bodily injury; or (4) conceals or attempts to conceal a hypodermic needle on his person and intentionally or knowingly penetrates a law enforcement officer or an officer or an employee of a correctional institution, county jail or prison, detention facility or mental hospital during the course of an arrest or any search of the person." 18

7

Pa.C.S.A. § 2701. Evidence was presented at trial of the following: the Defendant Shad Gutshall committed a simple assault by physical menace by placing the victim, Jacob M. Borowsky in a chokehold which put him in fear of immediate serious bodily injury.[1] Therefore, the jury had sufficient evidence to find that a simple assault by physical menace was committed.

**WHEREFORE**, based on the foregoing reasons, it is respectfully asserted that the Defendant is not entitled to relief on appeal.

**BY THE COURT:**

**WILLIAM F. MORGAN, S.J.,**
**Specially Presiding**

c: DA
E Mills
(7-28-16)

---

[1] *See* above in Section 4 about testimony about how the victim was placed in the fear of immediate serious bodily injury.

8