Warden *v.* Lyons Transportation Lines, Inc.
(et al., Appellants).

496

Argued October 8, 1968. Before BELL, C. J., MUS-
MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS,
JJ.

reargument refused January 3, 1969.

*John F. Potter*, with him *MacDonald, Illig, Jones & Britton*, for defendant, appellant.

*Robert N. Spaeder*, with him *Marsh, Spaeder, Baur, Spaeder & Schaaf*, for defendant, appellant.

*John G. Gent*, with him *Quinn, Plate, Gent, Buseck & Leemhuis*, for plaintiff, appellee.

*William W. Knox*, with him *Knox, Graham, Pearson & McLaughlin*, for defendant, appellee.

OPINION BY MR. JUSTICE COHEN, November 27, 1968:

American St. Gobain Corporation and Green Manufacturing Corporation, appellants, take this appeal from the judgment of the Court of Common Pleas of Erie County in which the jury awarded the plaintiff-appellee a verdict. Plaintiff, an employee of Green, was injured when a large crate containing heavy glass fell upon him while unloading a truck. The crates of glass had been loaded and braced by American and transported on a truck of Lyons Transportation Lines, Inc. (found not liable by the jury below) to the consignee, Green.

Plaintiff's apparent theory was that due to improper loading and bracing the load shifted into an unstable position during transit and then fell during unloading. We have, however, searched the record and have not found any evidence describing the manner in which the accident occurred, or how the improper loading caused the injury. In order to carry his burden of proving defendant negligent, plaintiff must prove what did happen. Since plaintiff had no knowledge of what happened and there were no other eyewitnesses present, the case rested on the existence of expert testimony given by plaintiff's expert witness.

However, plaintiff's expert witness did not testify as to how the accident happened, nor that in his opinion the accident happened in a described manner. He would not unqualifiedly say how the accident occurred. Instead, he used such words as "feasible", "could", "possible", and "within the realm of reason." We have often said that such opinion evidence falls below the required standard of proof and is not sufficient to satisfy plaintiff's burden of convincing the factfinder. *Florig v. Sears, Roebuck & Co.*, 388 Pa. 419, 130 A. 2d 445 (1957); *Menarde v. Philadelphia Transportation Co.*, 376 Pa. 497, 103 A. 2d 681 (1954); *Vorbnoff v. Mesta Machine Co.*, 286 Pa. 199, 133 Atl. 256 (1926); Stephen Feldman ". . . Sufficiency of Circumstantial Evidence of Negligence. . . ." 72 Dick. L. Rev. 409, 421-22 (1968). Mr. Chief Justice MOSCHZISKER in the *Vorbnoff* case stated the rule which governs here: ". . . [N]ot that the condition of claimant might have, or even probably did, come from the accident, but that 'in his professional opinion the result in question came from the cause alleged' . . . ."

With no testimony as to what actually caused the injury, the jury was forced to guess. "A verdict will not be sustained which is based on conjecture or surmise or guess." *Flaherty v. Pennsylvania R.R. Co.*, 426 Pa. 83, 231 A. 2d 179 (1967), and cases cited therein.

Since plaintiff failed to prove that defendant's negligence caused plaintiff's injury, it was error in the court to deny defendant's motion for judgment n.o.v.

Judgment reversed.

Mr. Justice MUSMANNO did not participate in the decision of this case.

----

DISSENTING OPINION BY MR. JUSTICE ROBERTS:

Appellee was severely injured when a large crate of glass fell upon him. Even the majority acknowledges

that the truck carrying the crates had been *improperly* loaded. The problem confronting the lower court was a factual one and the judge properly submitted the issue of liability to the jury which on a proper charge found for appellee. Appellee's expert engineer testified that the crates were loaded at an angle from which they would necessarily be able to fall only in the direction of one engaged in unloading the crates, since the sides of the trailer prevented their falling outward. The jury chose to accept this evidence offered by appellee, and this evidence without doubt sustains its verdict.

I believe that the appellee was entitled to go to the jury on the issue of liability and that the majority errs when it reverses the jury verdict. In *Smith v. Bell Telephone Co. of Pa.*, 397 Pa. 134, 138, 139, 153 A. 2d 477, 480 (1959), we held: "It is not necessary, under Pennsylvania law, that every fact or circumstance point unerringly to liability; it is enough that there be sufficient facts for the jury to say reasonably that the preponderance favors liability . . . . The facts are for the jury in any case, whether based on *direct or circumstantial* evidence where a reasonable conclusion can be arrived at which would place liability on the defendant. . . . The right of a litigant to have the jury pass upon the facts is not to be foreclosed just because the judge believes that a reasonable man might properly find either way." (Emphasis added.)

In my view this standard was met. The crates were improperly loaded and fell upon the appellee causing his injuries. The jury found against the appellants. I believe the issue of appellants' negligence causing the injuries was within the province of the jury and its finding is adequately supported by the record.

Therefore, I dissent.

Mr. Justice EAGEN joins in this dissent.