Houston et vir, Appellants, *v.* Canon Bowl, Inc.

Argued March 24, 1971. Before BELL, C. J., JONES, EAGEN, O'BRIEN, ROBERTS, POMEROY and BARBIERI, JJ.

384

*Harry J. Gruener,* with him *Howard A. Specter,* and *Litman, Litman, Harris & Specter,* for appellants.

*Carl A. Eck,* with him *John E. Hall,* and *Meyer, Darragh, Buckler, Bebenek & Eck,* for appellee.

OPINION BY MR. JUSTICE BARBIERI, June 28, 1971:

This case, which comes to us from the Court of Common Pleas of Washington County, arises out of an accident which took place on September 27, 1966, at appellee Canon Bowl's bowling alley. Plaintiff was going into her slide while delivering a ball on the fifth frame of the second game when her left foot unexpectedly stopped sliding. She fell and sustained bodily injuries. The trial judge nonsuited the plaintiff. Plaintiff's motion to take off the nonsuit was denied by the Court en banc. It is from that order that plaintiff now appeals.

Plaintiff-appellant raises two issues on appeal: (1) that it was reversible error for the trial court to bar, on appellee's objection, appellant's expert witness from testifying and to disallow the introduction of a moving picture; and (2) that there was sufficient circumstantial evidence of appellee's negligence for the case to have been given to the jury. We believe that both of these questions were correctly decided by the court below and therefore affirm.

The plaintiff offered to call a qualified consulting engineer and chemist who was an expert on friction

producing substances and coefficiency of friction. The expert would have testified to the "factors that create or can create a non-uniform or sticky approach in a bowling alley." He also would have testified that the application of steel wool underfoot would create sticky spots, and that in his opinion, eliminating the other possible causes, it was a sticky spot caused by such use of steel wool that caused the plaintiff to fall.

The trial court refused to allow this expert to testify. The following colloquy took place during appellant's argument on the offer: "THE COURT: Is it my understanding he never made a physical inspection of the wood on lane No. 9? APPELLANT'S COUNSEL: He has not, your Honor, but will testify further that, well first the defect might not be entirely visible to a bowler. He does not say because she fell, and we don't say because she fell it must have been because they used steel wool under foot. What we intend to do by this expert, because of his expertise in the field, is rule out the other possible or likely causes of sticking on approaches."

We find that the trial court's ruling was correct for at least three reasons. First, an expert witness can testify to the cause of an accident only if he either made a personal observation of the scene of the accident or answers hypothetical questions based on certain assumptions, those assumptions being based upon "such facts as the jury would be warranted in finding from the evidence." *Battistone v. Benedetti*, 385 Pa. 163, 170, 122 A. 2d 536 (1956). See also *Collins v. Hand*, 431 Pa. 378, 246 A. 2d 398 (1968); *Laubach v. Haigh*, 433 Pa. 487, 252 A. 2d 682 (1969). In our case, the expert admitted that he made no personal examination of the lane. Nor could he assume a defect in the lane because, as discussed below, the testimony of other witnesses was insufficient to warrant a finding of a defect by the jury. The facts which are assumed to be

true for purposes of a hypothetical question put to an expert witness must be put in evidence by witnesses other than the expert himself. "[T]he opinion of the expert does not constitute proof of the existence of facts necessary to support the opinion." *Collins v. Hand,* supra, 431 Pa. at 390-91. (Citation and emphasis omitted.)

Second, appellant's statement in her offer of proof establishes that her expert was not going to testify that the improper use of steel wool caused the accident but merely that other causes were unlikely. This testimony would not meet the standard articulated in *Vorbnoff v. Mesta Machine Co.,* 286 Pa. 199, 133 A. 256 (1926) and reasserted in *Warden v. Lyons Transp. Lines, Inc.,* 432 Pa. 495, 248 A. 2d 313 (1968), which mandates that an expert witness testify not that the injury in question might have been or even probably was caused by the alleged negligence, but that he testify that in his professional opinion the result in question came from the cause alleged. See also *McMahon v. Young,* 442 Pa. 484, 276 A. 2d 534 (1971).

Third, the allowance of testimony by an expert witness is a matter within the sound discretion of the trial court. See, e.g., *Laubach,* supra. We do not believe that there was an abuse of discretion in this case.

Similarly, the offer to introduce a motion picture, taken some two years after the accident, purporting to show appellee's employes using steel wool underfoot to clean the lanes, was also properly denied. Such evidence would have been mere surplusage, as the manager had already admitted that steel wool was used underfoot on occasion. Such evidence would also have been irrelevant, as the motion picture did not purport to show that steel wool had been used on lane No. 9 prior to the accident or that there was any defect in the surface of the lane at the time of the accident.

Moreover, even if it were error to disallow these offers of evidence, it was harmless error. The nonsuit was properly granted in this case because there was insufficient evidence of a defect in lane No. 9. We find no merit in appellant's argument that the existence of a defect could be inferred by a jury from the testimony that she was an experienced bowler who examined her shoes and the floor and found them to be clean at the outset of her games; that she had moved slightly to the left of her usual position to try to pick up a spare, but that otherwise her delivery was a normal one; that the alley manager conceded that steel wool was used underfoot, when necessary, in cleaning the lanes; and that a maintenance manual cautioned that steel wool should be used by hand because if used underfoot it "may cut approach wood too deeply." There was no proof that there was in fact a cut, scratch, bald spot or other defect in the lane; no allegation that appellant had been prevented from examining the lane; and no allegation that a defect caused by the improper application of steel wool was invisible or otherwise undiscoverable. For one offering only circumstantial evidence to prevail, the evidence must so preponderate in favor of the offeror's conclusion that it outweighs any other evidence and reasonable inferences therefrom which are inconsistent therewith. *Smith v. Bell Telephone Co. of Pennsylvania,* 397 Pa. 134, 153 A. 2d 477 (1959). We think that there is no doubt that the evidence does not so preponderate in appellant's favor.

Accordingly, the action of the lower court in refusing to take off the nonsuit is affirmed.