648 A.2d 771

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Daniel J. PETROVICH, Appellant.**

Supreme Court of Pennsylvania.

Submitted March 9, 1994.

Decided Oct. 11, 1994.

370

Kim Wm. Riester, Joseph E. Vogrin, III, Scott, Vogrin, Riester & Jamiolkowski, Pittsburgh, for appellant.

Robert E. Colville, Dist. Atty., Claire C. Capristo, Deputy Dist. Atty., Kemal A. Mericli, Asst. Dist. Atty., for appellee.

Before NIX, C.J., and FLAHERTY, ZAPPALA, PAPADAKOS, CAPPY, CASTILLE and MONTEMURO, JJ.

*OPINION*

NIX, Chief Justice.

Appellant, Daniel J. Petrovich, was charged with homicide by vehicle[1] and two counts of driving under the influence.[2]

---

1.  75 Pa.C.S. § 3735.
2.  75 Pa.C.S. § 3731(a)(1), (4).

He filed a motion *in limine* concerning the introduction of expert testimony. This motion was granted by the trial court. The Commonwealth filed an interlocutory appeal. The Superior Court reversed the trial court's Order and remanded the matter for further proceedings. This Court granted allocatur to address the issue of whether the trial court erred in ordering that any question posed by the Commonwealth to its expert witness include the fact that the amount of unabsorbed alcohol in Appellant's body at the time of the collision was unknown.

At approximately 1:30 a.m. on November 11, 1989, Appellant was involved in a motor vehicle accident when the car he was driving collided with another vehicle as he was leaving the parking lot of a bar. As a result of the collision, the passenger in the other car died. Appellant left the scene of the accident and was later found at a friend's house. He was taken to a hospital and underwent a blood alcohol test at 6:20 a.m. According to the test, Appellant had a blood alcohol content of 0.08%. Prior to the accident, Appellant was seen consuming two mixed drinks between 12:45 a.m. and 1:15 a.m. He was charged with two counts of driving while under the influence and with homicide by vehicle while driving under the influence.

The Commonwealth sought to introduce expert testimony to establish Appellant's blood alcohol content at the time of the collision; however, the trial court's Order granting Appellant's *in limine* motion prevented the Commonwealth from asking its expert witness any hypothetical question unless it included the fact that the amount of unabsorbed alcohol in Appellant's stomach when the collision occurred was unknown. The trial court held that it would be highly prejudicial and unfair to allow the Commonwealth to attempt to establish a critical factor in the case by using an incomplete hypothetical question which would solicit an opinion the court found to be speculative considering the significance of Appellant's blood alcohol content and the exactitude of 75 Pa.C.S. § 3731(a)(4).[3] *Com-*

---

3. 75 Pa.C.S. § 3731(a)(4) states:

monwealth v. Petrovich, No. 9001615/9000686 (C.P. Allegheny County filed July 6, 1992).

On appeal by the Commonwealth, the Superior Court reversed the Order of the trial court, finding that the facts in the Commonwealth's proposed hypothetical would have been supported by the evidence and that if there were a defect in the hypothetical, it could be cured by cross-examination. *Commonwealth v. Petrovich*, 431 Pa.Super. 621, 631 A.2d 216 (1993). The Superior Court held that the trial court had abused its discretion in granting Appellant's *in limine* motion. *Id.*

This Court granted allocatur to determine whether the trial court abused its discretion in granting Appellant's motion *in limine* concerning expert testimony. For the reasons that follow, we reverse.

■ The admissibility of expert testimony is within the sound discretion of the trial court and will not be reversed absent a clear abuse of discretion. *Houston v. Canon Bowl, Inc.*, 443 Pa. 383, 386, 278 A.2d 908, 910 (1971). Although an expert may give an opinion in response to a hypothetical, provided the set of facts assumed in the hypothetical is eventually supported by competent evidence and reasonable inferences derived therefrom, an expert may not base an opinion on conjecture or guesswork. *Commonwealth v. Daniels*, 480 Pa. 340, 390 A.2d 172 (1978).

■ Appellant argues that the trial court properly exercised its discretion in requiring that any hypothetical posed by the Commonwealth to its expert contain the fact that the amount of unabsorbed alcohol in Appellant's stomach at the time of the collision was unknown. According to Appellant, without the trial court's restriction, the Commonwealth's ex-

(a) **Offense defined.**—A person shall not drive, operate or be in actual physical control of the movement of any vehicle:

. . . . .

(4) while the amount of alcohol by weight in the blood of the person is 0.10% or greater. . . .

pert witness would render a worthless opinion, as that opinion would be based on assumptions not supported by the record.

The Commonwealth argues that the trial court's ruling prevented it from being able to carry its burden of proof in this matter. It also argues that the evidence it sought to introduce through expert testimony is absolutely required by this Court.

The Commonwealth sought to introduce expert testimony concerning retrograde extrapolation to show that Appellant's blood alcohol content was 0.10% or greater at the time of the collision. In order to determine what Appellant's blood alcohol content was at 1:30 a.m., the Commonwealth's expert, Dr. Winek, used Appellant's blood alcohol content as determined at 6:20 a.m. and attempted to relate this number back to 1:30 a.m. using retrograde extrapolation. (N.T. 11/20/90, 120–24). At the coroner's inquest in this matter, Dr. Winek used retrograde extrapolation and determined that Appellant's blood alcohol content was 0.134% at the time of the accident. (N.T. 11/20/90, 124). At a pre-trial proceeding before the trial court, Dr. Winek used the same method and indicated that Appellant's blood alcohol content at the time of the accident was 0.155%. (N.T. 3/20/91, 60). Dr. Winek testified that he should also account for any alcohol still in Appellant's stomach at the time of the accident since alcohol in the stomach is unabsorbed and has no effect on the central nervous system. (N.T. 3/20/91, 63). To account for this unabsorbed alcohol, Dr. Winek subtracted the amount of alcohol that would be unabsorbed in a 150 pound man after consuming two twelve-ounce beers and determined that Appellant's blood alcohol content at the time of the accident was 0.105%. (N.T. 3/20/91, 79–80). According to the trial court, Dr. Winek's opinion was based on a hypothetical "which is not only incomplete, but which elicits an expert opinion which is necessarily based upon 'average dissipation rates,' 'average absorption rates,' and the alcohol content of the 'average' drink." *Commonwealth v. Petrovich,* No. 9001615/9000686, slip op. at 7–8 (C.P. Allegheny County filed July 6, 1992).

The trial court's holding is consistent with this Court's decision in *Commonwealth v. Gonzalez*, 519 Pa. 116, 546 A.2d 26 (1988). In *Gonzalez*, the appellant had been charged with violating 75 Pa.C.S. § 3731(a)(1) and (4). The Commonwealth presented the expert testimony of a veteran police officer to relate back the appellant's blood alcohol content to the time of an automobile accident. In determining the appellant's blood alcohol content at the time of the accident, the Commonwealth's expert testified that if it were assumed that the appellant's blood alcohol content had peaked prior to the accident, it was possible that the appellant's blood alcohol content at the time of the accident was greater than the proscribed level. *Id.* at 133, 546 A.2d at 34. The expert further testified that he was unable to relate back the appellant's blood alcohol content to the time of the accident without knowing when the appellant had had his last drink. *Id.* This was a critical factor in employing retrograde extrapolation. *Id.* We held that the testimony of this witness was inadmissible against the appellant in relation to the charge of violating section 3731(a)(4). *Id.* at 134, 546 A.2d at 35. We stated that "[s]ince the charge under § 3731(a)(4) requires proof that the appellant was driving with a blood alcohol percentage of .10 or greater, the testimony of Corporal McGonigal that he *could have had* a .125 blood alcohol percentage *if we assume* his blood alcohol level peaked prior to the accident does not advance the inquiry and is inadmissible for purposes of that offense." *Id.*

Like the Commonwealth's expert witness in *Gonzalez*, Dr. Winek, in the instant case, was unable to determine Appellant's exact blood alcohol content at the time of the accident because he did not know one of the critical variables necessary to use retrograde extrapolation: the amount of unabsorbed alcohol in Appellant. Dr. Winek assumed this variable was the amount of unabsorbed alcohol Appellant would have had in him if he had consumed two twelve-ounce beers. Because Dr. Winek did not have all of the variables necessary to employ retrograde extrapolation, his testimony can not be used to

determine Appellant's blood alcohol content at the time of the accident.

■ In the instant case, there is no evidence that the trial court abused its discretion in granting Appellant's *in limine* motion. The Commonwealth is not prohibited from introducing evidence relating to the ingestion of alcohol and its effect on the central nervous system. The trial court's ruling merely prevents the expert witness from rendering an opinion based on conjecture or guesswork. The Commonwealth's argument that the trial court prevented it from carrying its burden of proof is without merit. If evidence is inadmissible, for whatever reason, it is within the province of the trial court to exclude that evidence. *Gallegor by Gallegor v. Felder,* 329 Pa.Super. 204, 211, 478 A.2d 34, 38 (1984). That the Commonwealth has insufficient evidence to obtain a conviction is a responsibility borne only by the Commonwealth, which bears the burden of establishing guilt. *See Commonwealth v. Kennedy,* 499 Pa. 389, 394 n. 2, 453 A.2d 927, 929 n. 2 (1982).

The Commonwealth and the Superior Court rely on *Commonwealth v. Britcher,* 386 Pa.Super. 515, 563 A.2d 502 (1989), *aff'd per curiam,* 527 Pa. 411, 592 A.2d 686 (1991) and *Commonwealth v. Roberts,* 496 Pa. 428, 437 A.2d 948 (1981), for the propositions that a hypothetical question does not have to be based on every fact of record and that if opposing counsel believes relevant facts were omitted from the hypothetical, on cross-examination he may construct a hypothetical which includes those facts. Reliance on these cases is misplaced. In *Britcher,* the Commonwealth's expert responded to a hypothetical which was supported by facts of record or facts later presented. This provided the expert with all the variables he deemed necessary to calculate the appellant's blood alcohol content at the time of the accident. *Britcher,* 386 Pa.Super. at 529, 563 A.2d at 508. In the instant case, the Commonwealth can not support its hypothetical with evidence of the amount of alcohol Appellant consumed just prior to the accident. In *Roberts,* the expert rendered a general opinion as to the defendant's state of mind based on a hypothetical. Here, the expert's opinion is the product of a formula, and a

reliable opinion is foreclosed because a necessary factor is unknown.

Thus, the trial court did not err in preventing the Commonwealth from soliciting a response to a hypothetical which did not include all of the factors necessary to make that response a reliable one.

The Commonwealth also asserts that the expert testimony it sought to introduce was required by this Court. This is not the case. As this Court held in *Commonwealth v. Yarger*, 538 Pa. 329, 648 A.2d 529 (1994), the Commonwealth is not required to present expert testimony to establish that a driver was driving with a blood alcohol content equal to or in excess of 0.10% at the time of an alleged offense.

We find that the trial court did not abuse its discretion in requiring that any hypothetical posed to the Commonwealth's expert witness include the fact that the amount of unabsorbed alcohol in Appellant's body at the time of the accident was unknown and that the Commonwealth was not required to present expert testimony demonstrating that Appellant's blood alcohol content at the time of the accident was at least 0.10%.

Accordingly, we reverse the Order of the Superior Court, reinstate the Order of the Court of Common Pleas and remand this matter to the Court of Common Pleas for further proceedings.

MONTEMURO, J., is sitting by designation.