ROWLEY, President Judge:
 

 James Judge appeals from the judgment of sentence entered on March 16, 1994. After a bench trial, appellant was sentenced to twelve to twenty-four months incarceration and fined $300.00 for violating 75 Pa.C.S.A. § 3731(a)(4) (driving a
 
 *54
 
 motor vehicle while the amount of alcohol by weight in' the blood ... is .10% or greater).
 

 Appellant claims on appeal that the trial court erred in admitting evidence of his blood alcohol content (BAC) because the Commonwealth a) failed to establish a proper chain of custody, and b) failed to establish a proper foundation regarding the qualifications of the laboratory and personnel who conducted appellant’s BAC test. Appellant also claims that there was insufficient evidence to establish his BAC at the time he was driving to sustain his conviction under § 3731(a)(4). We find these claims to be without merit and affirm the judgment of sentence.
 

 Appellant was stopped for speeding by a Scranton police officer at 6:40 A.M. on November 3, 1991. The officer testified that appellant exhibited a strong odor of alcohol, as well as slurred speech and staggered walk. Although the officer did not cite appellant for the speeding violation, he suggested that appellant lock his vehicle and find another way home. At approximately 7:05 A.M., the same officer again observed appellant driving. He stopped appellant a second time, having learned in the meantime that appellant was driving with a suspended license. The officer testified that appellant still exhibited an odor of alcohol, slurred speech, staggered gait, and “very poor” balance. Notes of Testimony (N.T.), 2/7/92 at 18-19. When appellant refused to consent to a field sobriety test, he was placed under arrest. He was then transported to a local hospital, where he consented to having his blood drawn at approximately 7:40 A.M. Subsequent test results determined appellant’s BAC to be .16%.
 

 With respect to appellant’s first claim, a review of the record supports the trial court’s finding that the Commonwealth met its burden of proof with regard to the reliability of appellant’s BAC test and that the results were properly admitted into evidence.
 

 In
 
 Commonwealth v. Sullivan,
 
 399 Pa.Super. 124, 129, 581 A.2d 956, 958-959 (1990), testimony provided by the director of the laboratory regarding the qualifications of the
 
 *55
 
 personnel and procedures used to determine the defendant’s BAC, along with testimony from a police officer and the laboratory’s director regarding the chain of custody, was sufficient to defeat the defendant’s challenge to admissibility. It is well-settled that the Commonwealth need not establish the sanctity of its exhibits beyond all moral certainty; all that is required is a reasonable inference that the identity and condition of the exhibits remain unimpaired until surrendered to the court.
 
 [1]
 

 Commonwealth v. Hudson,
 
 489 Pa. 620, 631-632, 414 A.2d 1381, 1387 (1980);
 
 Commonwealth v. Welshans,
 
 397 Pa.Super. 439, 445-446, 580 A.2d 379, 381-382 (1990),
 
 affirmed sub nom. Commonwealth v. Voshall,
 
 529 Pa. 571, 605 A.2d 1222 (1992).
 

 In appellant’s case, an officer assisting in the arrest testified to transporting appellant to the hospital for his blood test. The officer also observed the technician withdraw a sample of appellant’s blood, and testified to observing the lab technician who drew appellant’s blood sample hand the sample to the arresting officer for transportation to police headquarters.
 

 
 *56
 
 The arresting officer testified to receiving appellant’s blood sample from the hospital technician and transporting it to the police station for storage. He testified to the normal procedure followed by the police in storing the samples at the station, and the method used to transport blood samples to the clinical laboratory which conducted the BAC analysis. The associate director of the laboratory then testified to the lab’s normal procedures, and verified that he was responsible for the lab’s reports and records, and, moreover, that he personally received appellant’s blood sample and wrote the analysis results. This testimony was sufficient to enable us to conclude that the trial court did not abuse its discretion in finding the chain of custody sufficient to admit appellant’s BAC results as reliable.
 
 Hudson,
 
 489 Pa. at 632, 414 A.2d at 1388.
 

 Appellant’s argument regarding the Commonwealth’s failure to establish a proper foundation regarding the qualifications of the laboratory conducting his BAC test is equally devoid of merit. When asked to determine whether blood alcohol test results are properly admitted, the trial court’s primary concern lies in assessing the qualifications of personnel and equipment used in testing,
 
 Commonwealth v. Zelinski,
 
 392 Pa.Super. 489, 573 A.2d 569 (1990), and determining whether the laboratory was licensed by the Department of Health in accordance with § 1547(c)(2), and whether a proper chain of custody protects the blood sample provided by the defendant.
 
 Sullivan,
 
 399 Pa.Super. at 129, 581 A.2d at 959;
 
 Commonwealth v. Kravontka,
 
 384 Pa.Super. 346, 357, 558 A.2d 865, 871 (1989);
 
 Commonwealth v. Dungan,
 
 372 Pa.Super. 323, 330-332, 539 A.2d 817, 820-821 (1988),
 
 appeal denied,
 
 522 Pa. 573, 559 A.2d 34 (1989). In
 
 Commonwealth v. Leib,
 
 403 Pa.Super. 223, 238-239, 588 A.2d 922, 930 (1991), testimony of the director of the facility conducting a defendant’s blood test was alone sufficient to enable this Court to support a finding that the Commonwealth met its burden of proof under § 1547(c)
 
 [2]
 
 in establishing the qualifications of the laboratory, equipment, and personnel.
 

 
 *57
 
 In appellant’s case the record demonstrates that the associate director of the laboratory testified extensively on direct examination concerning his qualifications as a toxicologist, described the procedure followed by the laboratory for processing BAC tests in detail, and confirmed that his facility had been inspected by the state within the past few months and that proper licensure was displayed in the facility’s office. N.T. 2/7/92 at 51-56. For these reasons, we conclude that the Commonwealth established a proper chain of custody and provided a proper foundation for the admission of appellant’s BAC results into evidence.
 

 Before addressing appellant’s claim that the evidence was insufficient to sustain his conviction under 75 Pa.C.S. § 3731(a)(4), we must determine if appellant has waived this claim by failing to raise it with specificity in his post-trial motions, filed March 27, 1992. We note that the trial court issued an order on March 30, 1992, granting appellant the right to request permission to file additional reasons in support of his motion for a new trial. While appellant’s initial motion did not raise an insufficiency of the evidence claim, both the brief appellant filed on October 13, 1993, to support his motion for a new trial, and the Commonwealth’s brief, filed on November 10, 1993, in opposition thereto, discussed the merits of appellant’s claim that the Commonwealth failed to provide expert testimony relating appellant’s BAC results to the time when he was actually driving his car; without this relation-back testimony, appellant argued, the evidence was insufficient to find him guilty of violating 75 Pa.C.S.
 
 *58
 
 § 3731(a)(4). Appellant’s counsel then filed a supplemental motion in arrest of judgment on December 3, 1993, in which he added the insufficiency of the evidence claim to those claims originally raised. The Commonwealth’s brief in opposition to appellant’s supplemental post-verdict motions, filed on December 7, 1993, urged the trial court to find that appellant had waived this issue. After stating that appellant had waived the issue, however, the trial court proceeded to discuss the merits of appellant’s claim extensively in its opinion, filed January 5, 1994.
 

 In light of this Court’s decision in
 
 Commonwealth v. Sopota,
 
 403 Pa.Super. 1, 8-9, 587 A.2d 805, 808 (1991) (proper course on appeal is to consider all issues raised in supplemental post-verdict motions in all cases where trial court addresses merits of the issues),
 
 appeal denied,
 
 528 Pa. 629, 598 A.2d 283 (1991), as well as Pa.R.Crim.P. 1123 (only those issues raised in pretrial proceedings or at trial may be considered, unless the trial judge allows otherwise), and Pa.R.Crim.P. 1124 (defendant may challenge sufficiency of the evidence by demurrer at close of Commonwealth’s case-in-chief),
 
 [3]
 
 we find that appellant has not waived this claim.
 
 See also Commonwealth v. Metz,
 
 534 Pa. 341, 633 A.2d 125 (1993) (issue waived if not raised at all at post-trial stage and trial court fails to address merits).
 

 Having determined that appellant has not waived the issue, we find two recent Supreme Court decisions dispositive of appellant’s claim that the Commonwealth was required to produce expert testimony relating appellant’s blood alcohol content back to the time when he was actually driving his car: it was not required to do so.
 
 Commonwealth v. Yarger,
 
 329 Pa. 538, 648 A.2d 529 (1994) (holding,
 
 inter alia,
 
 that BAC test results significantly over .10% when taken shortly after suspect stopped creates strong inference of guilt; that Commonwealth is not required to produce expert testimony to prove BAC level at time of driving, although defendant free to do so; that BAC level over .10% establishes prima facie case under § 3731(a)(4)), and
 
 Commonwealth v. Petrovich,
 
 538 Pa. 369,
 
 *59
 
 648 A.2d 771 (1994) (holding,
 
 inter alia,
 
 that it was not an abuse of trial court’s discretion to grant motion in limine disallowing expert testimony based on conjecture; Commonwealth not required to produce expert testimony to establish suspect was driving with BAC at or above .10% at time of offense).
 

 We hold that the results of appellant’s blood analysis for alcohol content, at .16%, is sufficient as a matter of law to support appellant’s conviction for violating § 3731(a)(4). In accord with
 
 Yarger,
 
 this evidence, without more, creates a prima facie case that appellant was operating his vehicle while the alcohol content in his blood was .10% or greater. Appellant produced no evidence to rebut the Commonwealth’s case. The evidence was legally sufficient, therefore, for the trial court to find appellant guilty beyond a reasonable doubt.
 

 For the reasons stated above, we affirm the judgment of sentence.
 

 Judgment of sentence affirmed.
 

 [1]
 

 . On appeal, appellant questions the accuracy of his BAC level because the analysis was performed approximately twenty-five hours after the sample was drawn. At trial, however, appellant’s counsel declined to question the toxicologist on the condition of appellant’s blood sample, and objected to the Commonwealth pursuing this subject on re-direct. N.T. 2/7/92 at 75. The trial court allowed the following testimony by the toxicologist who performed appellant’s BAC analysis:
 

 A: [W]e are mandated by all our certifications to only do tests on proper samples. If a sample is not acceptable, we will determine right on the report that this is a nonacceptable sample and that no analysis will be performed.
 

 Id.
 
 This Court has rejected attempts to increase the Commonwealth's burden with respect to validating test results in DUI cases.
 
 See Commonwealth v. Brown,
 
 428 Pa.Super. 587, 631 A.2d 1014 (1993);
 
 Sullivan,
 
 399 Pa.Super. 124, 581 A.2d 956;
 
 Commonwealth v. Kravontka,
 
 384 Pa.Super. 346, 558 A.2d 865 (1989). Appellant’s counsel was free to “convince
 
 the [trial] court
 
 that even though a lab has state approval, the circumstances surrounding his or her test result were such that the results are not reliable.”
 
 Brown,
 
 428 Pa.Super. at 595, 631 A.2d at 1018 (emphasis supplied). Appellant’s counsel failed to do so, and, in the absence of any specific allegation, we decline to speculate how or in what way appellant's blood sample might have been rendered inaccurate on the basis of the timing of the analysis.
 

 [2]
 

 . The “implied consent” statute, 75 Pa.C.S. § 1547(c), reads, in pertinent part:
 

 
 *57
 
 (c) Test results admissible in evidence. — In any ... criminal proceeding ... [for] violation of section 3731, ... the amount of alcohol ... shown by chemical testing ..., which tests were conducted by qualified persons using approved equipment, shall be admissible.
 

 sf; s¡í sfs s¡t # ❖
 

 (2) Chemical tests of blood ... shall be performed by a clinical laboratory licensed and approved by the Department of Health for this purpose using procedures and equipment prescribed by the Department of Health. For purposes of blood ... testing, qualified person means an individual who is authorized to perform those chemical tests under [The Clinical Laboratory Act, 35 P.S. § 2151 et
 
 seq.]. (See also,
 
 28 Pa.Code § 5.103).
 

 [3]
 

 . At the conclusion of the Commonwealth’s case-in-chief, appellant demurred to the evidence and presented no testimony.