J-A06045-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| MARIE WASNETSKY, ADMINISTRATOR OF THE ESTATE OF JOSEPH CHARLES WASNETSKY | : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | : : : | |
| v. | : : | |
| | : | No. 1160 MDA 2018 |
| | : | |
| QUINN'S MARKET, QUINN'S MARKET OF ARCHBALD, INC., KRENITSKY'S OF BLAKELY, INC., KRENITSKY'S SUPERMARKET CORPORATION, WILLIAM KRENITSKY AND JOSEPH QUINN | : : : : : : : : | |
| Appellees | : | |

Appeal from the Order Entered June 15, 2018
In the Court of Common Pleas of Lackawanna County Civil Division at
No(s):  2014-04437


BEFORE:   OTT, J., NICHOLS, J., and PELLEGRINI*, J.

MEMORANDUM BY PELLEGRINI, J.:                    **FILED APRIL 08, 2019**

In this premises liability case, Marie Wasnetsky (Wasnetsky), as the administrator of her husband's estate, appeals from an order of the Court of Common Pleas of Lackawanna County (trial court) granting summary judgment for defendants/Appellees (collectively "Quinn's").  Wasnetsky contends that the trial court erred in ruling that the evidence posed no triable question of fact as to whether a dangerous condition on Quinn's premises caused a fatal injury to her husband (the decedent).  We affirm.

_____
\* Retired Senior Judge assigned to the Superior Court.

**I.**

On the date of the incident, the decedent was shopping for produce on Quinn's premises. Without warning, the decedent suddenly slipped backwards and fell. His head struck the linoleum floor causing severe head injuries. Wasnetsky filed a wrongful death action alleging that Quinn's was negligent in failing to protect the decedent from a dangerous condition that she "believed to be water or juice." Trial Court Opinion, 6/15/18, at 2.

The only witness to the accident was another shopper, Cindy Wilson, who had been speaking with the decedent moments before he fell. She testified that a moment before falling, the decedent had walked a few steps away from the produce area while holding a bag of fruit. His legs suddenly "went up in the air" as he fell backwards. *Id.* at 3. Upon seeing that the decedent was seriously injured, she directed store employees to call an ambulance.

Ms. Wilson was concerned that the decedent had "slipped on something" but testified that the area was free of such hazards: "There was nothing that I could see on that floor. There were mats on the floor, but not where he walked, not where he tripped. It was just that linoleum floor." *Id.* at 4. She emphasized that "there was no liquid on the floor." *Id.* Ms. Wilson looked specifically for "water or juice" that may have fallen to the floor from a nearby corn shucking station, but she "didn't see anything like that." *Id.*

Additionally, Ms. Wilson inspected the decedent's shoes and found no trace of a slippery foreign substance. She noted, though, that the decedent was wearing a "boat shoe or a loafer" type of footwear which had a "smooth finish" on the bottoms of the soles. *Id.* She testified that "there was no grip on the bottom of his shoe" and that it "looked like a slippery type of shoe." *Id.*

The store manager, Michele Malewics and the produce manager, Richard Turner, Jr., also inspected the floor around where decedent fell and did not observe any substance on the floor other than the decedent's blood. There was a new security system with 12 functional cameras but none of those were directed at the produce area where decedent fell. There was an additional "tinted camera" directed at the produce area which was installed by the previous premises owner, but this "old, out-of-service, security system . . . was never functional during Quinn's . . . operation of the store." *Id.* at 6. Wasnetsky presented no evidence that this camera was in working order at the time of the accident.

To establish that the decedent slipped on a slick substance, Wasnetsky relied on the reports of two experts in bio-mechanical analysis. Both experts, Dr. Angela DiDomenico and Dr. Brian Benda, opined that the decedent slipped due to a substance on Quinn's floor, and that Quinn's was negligent in failing to protect it customers from that slick surface. However, neither expert could identify what kind of substance could have caused the accident. Indeed, Dr.

Benda concluded his report by emphasizing that "it is impossible to describe the specific state of the floor, that is, what material was on the floor, at that time and how that state contributed [to the accident.]" *Id.* at 15.

Quinn's moved for summary judgment and the motion was granted.[1] The trial court relied on the testimony of the three eyewitnesses regarding the lack of a slick substance on the floor where the decedent fell. Further, the trial court found that the two expert reports were speculative and inadmissible because the experts did not base their opinions on the case facts. The trial court ruled that the two reports were insufficient to raise a triable issue regarding the existence of a dangerous condition. Finally, the trial court rejected Wasnetsky's claim that Quinn's withheld or destroyed video evidence of the accident, finding that "there were no security cameras positioned in [the relevant] area of the store." *Id.* at 18. This appeal followed.

---

[1] Summary judgment is proper when a case presents no genuine issue of material fact and the moving party is entitled to relief as a matter of law. ***Summers v. Certaineed Corp***., 997 A.2d 1152, 1159 (Pa. 2010). The moving party is entitled to summary judgment if the non-moving party has failed to carry its burden of adducing sufficient evidence on an essential element of its case. *Id.* On review, the record must be construed in the light most favorable to the non-moving party. *Id.* An order granting summary judgment must be affirmed unless the trial court committed an error of law or abuse of discretion when entering it. *Id.*; **see also Pyeritz v. Commonwealth**, 32 A.3d 687, 692 (Pa. 2011).

## II.

In a negligence action, the plaintiff must prove that the defendant "owed a duty of care to the plaintiff, that duty was breached, the breach resulted in the plaintiff's injury, and the plaintiff suffered an actual loss or damages." *Merlini ex rel. Merlini v. Gallitzin Water Authority*, 980 A.2d 502, 506 (Pa. 2009). A land possessor is liable for physical harm caused to an invitee only if it failed to exercise reasonable care to protect the invitee from a condition which involved an unreasonable risk of harm, but which the invitee would not reasonably be aware of or protect himself against. *See Estate of Swift v. Northeastern Hosp. of Philadelphia*, 690 A.2d 719, 722 (Pa. 1997); *see also* **Restatement (Second) of Torts § 343**.

An invitee must prove that the possessor either contributed to the condition or had constructive notice of it. *See Swift*, 690 A.2d at 722. Whether a possessor had constructive notice depends on the case facts, but an important factor is how long the condition existed prior to the accident. *See Neve v. Insalaco's*, 771 A.2d 786, 791 (Pa. Super. 2001). A plaintiff may prove the existence of a dangerous condition on a premises circumstantially, but such evidence must "so preponderate in favor of the offeror's conclusion that it outweighs any other evidence and reasonable inferences therefrom which are inconsistent therewith." *Houston v. Canon Bowl, Inc.*, 278 A.2d 908, 910 (Pa. 1971).

**A.**

Wasnetsky contends that there was enough direct and circumstantial evidence of a dangerous condition to overcome Quinn's motion for summary judgment.  She argues that the decedent fell near a corn shucking station that could have made the floor wet, and that according to Ms. Wilson, the decedent was steady on his feet prior to his fall.  In her testimony, Ms. Wilson recounted that the decedent's feet slipped out from under him, causing his legs to "project up in the air" and resulting in the side of his head smashing to the ground.  From this Wasnetsky contends that her bio-mechanical experts could properly opine that the fall was caused by contaminants on Quinn's floor and the bottom of the decedent's shoes.  However, the evidence in this case does not establish that there was anything "slippery" on the floor and the experts' opinions to the contrary are purely speculative.

As the trial court found, the three individuals who were present at the scene testified that there was no slick substance on the floor which could have caused the accident:

> The decedent was unable to offer any testimony regarding his fall due to his untimely demise . . .  The only witnesses with any personal and admissible knowledge of the condition of the floor, Cindy Wilson, Michele Malewics, and Richard Turner, Jr., uniformly testified that there was no liquid or other substance on the floor, the bottom of the decedent's shoes, or the decedent's clothing.  As a result, even after the record is examined in a light most favorable to Wasnetsky as the non-moving party, it is devoid of any direct or circumstantial evidence of a dangerous condition on [Quinn's] floor at the time of the decedent's fall.  Nor does the record contain any proof of [Quinn's] actual or constructive notice of any such condition.

1925(a) Opinion, at 2. Ms. Wilson had also noted that the decedent was wearing a "slippery type of shoe" which had a "smooth finish" on the bottoms of their soles, giving him little to no traction with the ground. *Id.*

The above testimony supported the trial court's ruling that Wasnetsky's two experts did not raise an issue of fact as to the existence of a dangerous condition on Quinn's premises.[2] Under Pennsylvania Rule of Evidence 703, an expert's opinion must be "based on facts or data in a particular case" and "an opinion based on mere possibilities is not competent evidence." That is, the opinion cannot be based on "conjecture or surmise." **Pa.R.E. 703**; *see also Helpin v. Trustees of University of Pennsylvania*, 969 A.2d 601, 617 (Pa. Super. 2009). An expert may form an opinion with factual assumptions, but for the opinion to be admissible, such an assumption must have a basis in the record. *See Collins v. Hand*, 246 A.2d 398, 404 (Pa. 1968).

The two experts in this case conceded in their respective reports that they could not identify the cause of the accident. The experts speculated that

---

[2] The exclusion of the two experts' reports is subject to an abuse of discretion standard:

> The admission or exclusion of evidence, including the admission of testimony from an expert witness, is within the sound discretion of the trial court. Thus our standard of review is very narrow; we may only reverse upon a showing that the trial court clearly abused its discretion or committed an error of law.

*Crespo v. Hughes*, 167 A.3d 168, 181 (Pa. Super. 2017) (citations omitted).

the decedent slipped on a slick substance without referring to any specific evidence to that effect. Notably, neither expert even acknowledged the critical testimony of an eyewitness that the decedent's shoes had a "smooth finish." The experts also disregarded the testimony of three eyewitnesses that there was no slippery substance on Quinn's floor which could have caused the decedent's accident. These reports and the opinions contained in them were not competent evidence that Quinn's negligently maintained its premises or that an unreasonably dangerous condition on the premises caused the decedent to fall. The trial court correctly concluded that the experts' reports were insufficient to overcome Quinn's motion for summary judgment.

**B.**

Finally, the trial court properly denied Wasnetsky's request for relief on spoliation grounds.[3] Wasnetsky asserted that to sanction the withholding or destruction of video evidence of the accident, Quinn's should be precluded from prevailing on summary judgment. *See Schroeder v. Commonwealth Dept. of Transportation*, 710 A.2d 23, 27 (Pa. 1998) (courts have broad authority on how to sanction a party for withholding or destroying evidence). As explained by the trial court, the "only evidence in the record pertaining to that claim reflects that no such videotape was ever obtained, let alone

---

[3] "'Spoliation of evidence' is the non-preservation or significant alteration of evidence for pending or future litigation." *Pyeritz v. Commonwealth*, 32 A.3d 687, 692 (Pa. 2011).

destroyed, since there were no [functional] security cameras positioned in [the produce] area of the store." Trial Court Opinion, 7/17/18, at 18. The absence of such a recording does not warrant any sanction on Quinn's.

In sum, summary judgment was proper here because Wasnetsky failed to carry her burden of adducing any evidence that a dangerous condition on Quinn's premises caused the accident. Even viewing the admissible evidence in the light most favorable to Wasnetsky, there is no direct or circumstantial evidence that a hazard existed. Several witnesses testified that there was no slick substance on Quinn's floor. Conversely, there is competent evidence that the decedent himself wore shoes which afforded him little to no traction with the ground. Wasnetsky simply did not raise a triable issue of material fact as to all the elements of her negligence action, so the order of summary judgment in Quinn's favor must stand.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 04/08/2019