J-A24016-21

2022 PA Super 33

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
:
v. :
:
:
JOHN R. AUMICK :
:
Appellant : No. 1529 EDA 2020

Appeal from the Judgment of Sentence Entered July 13, 2020
In the Court of Common Pleas of Pike County Criminal Division at No(s):
CP-52-CR-0000184-2019

BEFORE:  LAZARUS, J., DUBOW, J., and PELLEGRINI, J.[*]

OPINION BY PELLEGRINI, J.:                    **FILED FEBRUARY 23, 2022**

John R. Aumick (Aumick) entered a guilty plea to one count of

Corruption of Minors, a felony of the third-degree, admitting that he

inappropriately touched his fourteen-year-old step-granddaughter "in a sexual

manner."  He was sentenced to a prison term of 18 months to 5 years.  This

appeal stems from the trial court's collateral civil finding[1] designating him

under the Sex Offender Registration and Notification Act (SORNA)[2] as a

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] An SVP designation and its lifetime registration requirement are collateral consequences of a criminal conviction.  **See Commonwealth v. Lacombe**, 234 A.3d 602, 626 (Pa. 2020_); **Commonwealth v. Butler**_, 226 A.3d 972, 993 (Pa. 2020).

[2] 42 Pa.C.S. §§ 9799.10–9799.41.

sexually violent predator (SVP), making him subject to lifetime registration requirements. We reverse.

**I.**

SORNA mandates that an offender convicted of a sexually violent offense must be assessed to determine whether he should be designated as an SVP. The court must find whether the offender has a mental abnormality or personality disorder that makes the individual likely to engage in predatory sexually violent offenses. *See* 42 Pa.C.S. § 9799.12. An act is considered "predatory" if it is "directed at a stranger or at a person with whom a relationship has been initiated, established, maintained or promoted, in whole or in part, in order to facilitate or support victimization." *Id.*

Under SORNA, the process to determine whether an individual is an SVP is initiated when the trial court orders that the individual convicted of a sexually violent offense be assessed by the Sexual Offenders Assessment Board (SOAB). 42 Pa.C.S. § 9799.24(a). Following the entry of such an order, the SOAB is responsible for conducting the assessment as to whether the individual has a mental abnormality or personality disorder making the individual likely to engage in predatory sexually violent offenses so that person should be classified as an SVP. *Id.*, § 9799.24(b). The assessment must consist of the following factors:

> whether the instant offense involved multiple victims; whether the defendant exceeded the means necessary to achieve the offense; the nature of the sexual contact with the victim(s); the defendant's relationship with the victim(s); the victim(s)' age(s);

whether the instant offense included a display of unusual cruelty by the defendant during the commission of the offense; the victim(s)' mental capacity(ies); the defendant's prior criminal record; whether the defendant completed any prior sentence(s); whether the defendant participated in available programs for sexual offenders; the defendant's age; the defendant's use of illegal drugs; whether the defendant suffers from a mental illness, mental disability, or mental abnormality; behavioral characteristics that contribute to the defendant's conduct; and any other factor reasonably related to the defendant's risk of reoffending.

*Commonwealth v. Hollingshead*, 111 A.3d 186, 189-90 (Pa. Super. 2015)

(citation and brackets omitted); *see also* 42 Pa.C.S. § 9799.24(b)(1)-(4).

After the SOAB completes its assessment, 42 Pa.C.S. § 9799.24(e) sets forth the process to designate the offender as an SVP. That provision requires:

(1) A hearing to determine whether the individual is a sexually violent predator shall be scheduled upon the praecipe filed by the district attorney. The district attorney upon filing a praecipe shall serve a copy of the praecipe upon defense counsel together with a copy of the report of the board.

(2) The individual and district attorney shall be given notice of the hearing and an opportunity to be heard, the right to call witnesses, the right to call expert witnesses and the right to cross-examine witnesses. In addition, the individual shall have the right to counsel and to have an attorney appointed to represent the individual if the individual cannot afford one. If the individual requests another expert assessment, the individual shall provide a copy of the expert assessment to the district attorney prior to the hearing.

(3) At the hearing prior to sentencing, the court shall determine whether the Commonwealth has proved by **clear and convincing**

**evidence**[3] that the individual is a sexually violent predator. (emphasis added).

42 Pa.C.S. § 9799.24(e)(emphasis added).

The "clear and convincing" evidence standard requires evidence that is "so clear, direct, weighty and convincing" as to enable the factfinder to reach "a clear conviction, without hesitancy, of the truth of the precise fact at issue." *Commonwealth v. Haughwout*, 837 A.2d 480, 484 (Pa. Super. 2003). The General Assembly imposed this standard to protect due process rights. *See Commonwealth v. Williams*, 557 Pa. 285, 733 A.2d 593, 605 (1999) ("This Court has mandated an intermediate standard of proof—'clear and convincing evidence'—when the individual interests at stake in a state proceeding are both 'particularly important' and 'more substantial than mere loss of money.' Notwithstanding 'the state's civil labels and good intentions,' the Court has deemed this level of certainty necessary to preserve fundamental fairness in a variety of government-initiated proceedings that threaten the individual involved with 'a significant deprivation of liberty' or 'stigma.' ").

At an SVP hearing, the Commonwealth must show that:

- the offender suffers from a mental abnormality or personality disorder, that affects the emotional or volitional capacity of the person in a manner that predisposes that person

---

[3] Clear and convincing evidence has been defined as evidence that is so "clear, direct, weighty and convincing as to enable the trier of fact to come to a clear conviction, without hesitance, of the truth of the precise facts in issue." *In re B.J.Z.*, 207 A.3d 914, 921 (Pa. Super. 2019) (citation omitted).

to the commission of criminal sexual acts to a degree that makes the person a menace to the health and safety of other persons.

- a showing that the offender's conduct was predatory.

- the offender's propensity to reoffend, an opinion about which the Commonwealth's expert is required to opine.

*See Commonwealth v. Stephens*, 74 A.3d 1034, 1038–1039 (Pa. Super. 2013); *Commonwealth v. Hollingshead*, 111 A.3d 186, 189–90 (Pa. Super. 2015).

## II.

In this case, after his guilty plea, the trial court ordered that Aumick be assessed by the SOAB to determine whether he should be designated as an SVP. In its report, prepared by Mary E. Muscari, Ph.D., SOAB concluded that Aumick met the SVP designation criteria. The report was forwarded to the Commonwealth, who praeciped for a hearing and forwarded a copy of the report to Aumick. The SOAB assessment is akin to a complaint or a charging document in that it provides the requisite notice to the offender of the reasons that the Commonwealth contends that the offender meets the SVP criteria. While introduced as part of the record, other than establishing that the statutory preconditions were satisfied, it has no evidentiary value. Proof of meeting the designation criteria must be established at the hearing by clear and convincing evidence.

Here, the Commonwealth attempted to prove its case based solely on Dr. Muscari's testimony. She testified that in arriving at her opinion that

Aumick met the SVP designation, as well as in preparation of the assessment, she relied exclusively on documents submitted by third parties, *i.e.*, the transcript of the preliminary hearing, the criminal complaint, the affidavit of probable cause, the criminal information and the child protective services investigation report. She testified generally that when a defendant pleads guilty to a specific sexual offense, she would formulate her opinion based not only on the offense to which he pled guilty, but also the allegations of the victim as recorded in collateral materials.

Dr. Muscari reviewed those collateral materials and opined that Aumick met the criteria for designation as an SVP because he has a pedophilic disorder, he met the predatory criterion because he was engaged in conduct with his step-granddaughter, and he was likely to reoffend despite a lack of any prior sexual crimes. After the Commonwealth completed direct examination, the SOAB assessment report was offered into evidence without objection. **See** Supplemental Reproduced Record, at 102.

On cross-examination, Dr. Muscari conceded that she did not interview Aumick, the victim or watch the victim's interview that was offered at the preliminary hearing. She also conceded that her assessment and opinion were based solely on allegations to which Aumick did *not* plead guilty. **See id.** at 104-05.

Throughout the hearing, Aumick's counsel repeatedly objected to Dr. Muscari's opinion because it was based on unproven allegations to which

Aumick did not plead guilty. Counsel stressed that the trial court had to "treat the consequences [of the conviction] based on what he pled to, not what he was alleged of doing." *Id.* at 112.

At the conclusion of the SVP hearing, the trial court found that alleged hearsay evidence regarding unproven allegations could be used by Dr. Muscari to arrive at her opinion that Aumick met the criteria to be an SVP, stating:

> But the few that I have had and looking at this case leads the Court to the conclusion that the Commonwealth has met its burden of proof by clear and convincing evidence through the testimony offered here today that the Defendant is a sexually violent predator. The Court briefly notes that the Guilty Plea Colloquy which was entered in this matter admits to Count 4, Corruption of Minors, a Felony of the Third Degree. That in essence says over a six-year time period the Defendant engaged in a course of corruption against the minor child, which included sexual touching of her private areas occurring at two separate residences which would make that between the ages of six to twelve years of age.
>
> The witness Dr. Muscari had acknowledged that the offense that the Defendant pled to was a Corruption of Minors Charge. The factual basis for that Charge as just indicated by the Court included a course of sexual touching of private areas.[4] The Court does find the testimony of the Commonwealth to meet the clear and convincing evidence standard and with that finding we'll make a determination [that he be designated as an SVP].

*Id.* at 115.

---

[4] As previously noted, Dr. Muscari stated that she based her assessment solely on the unproven allegations. At the plea hearing, Aumick did not recount any details of the offense to which he pled guilty. 42 Pa.C.S. § 9799.24 provides that the assessment is to be made based on the offense to which the offender was convicted.

- 7 -

Immediately following the hearing, the trial court designated Aumick as an SVP. Counsel then timely appealed and filed a 1925(b) statement raising the following issues:

> 1. The trial court erred and abused its discretion by finding that Aumick was a Sexually Violent Predator based on alleged incidents to which he did not plead guilty nor of which he was convicted.
>
> 2. The trial court erred and abused its discretion by finding that Aumick was a Sexually Violent Predator based entirely on hearsay in the form of the statements of the alleged Victim who never testified at any proceeding.

**III.**

Just as he did before the trial court, Aumick now contends that his SVP designation should be reversed because Dr. Muscari's expert opinion was based on unproven hearsay allegations contained in collateral third-party documents.

The use of hearsay alone to support a determination was recently addressed by our Supreme Court in ***Commonwealth v. McClelland***, 233 A.3d 717 (Pa. 2020). In that case, the court approved of the holding in ***Commonwealth ex rel. Buchanan v. Verbonitz***, 525 Pa. 413, 581 A.2d 172 (1990), that hearsay evidence alone is insufficient to make out a *prima facie* case at a preliminary hearing. The ***McClelland*** Court reaffirmed that hearsay alone is insufficient because "fundamental due process requires that no adjudication be based solely on hearsay evidence." ***See McClelland***, 233 A.3d at 721 (citations omitted).

Further, in ***Verbonitz***, our Supreme Court cited with approval Justice

- 8 -

Flaherty's concurring opinion in **Unemployment Compensation Board of Review v. Ceja,** 427 A.2d 631, 647 (Pa. 1981), a case evaluating the use of the "legal residuum" rule,[5] which provides that hearsay cannot be used to support a finding at an administrative hearing unless it is corroborated by direct evidence:

> As Justice Flaherty stated in his concurring opinion in [**Ceja**, 427 A.2d at 647], "[f]undamental due process requires that no adjudication be based solely on hearsay evidence." If more than "rank hearsay" is required in an administrative context, the standard must be higher in a criminal proceeding where a person may be deprived of his liberty. The testimony of a witness as to what a third party told him about an alleged criminal act is clearly inadmissible hearsay, **Commonwealth v. Maybee**, 429 Pa. 222, 239 A.2d 332 (1968), **Commonwealth v. Whitner,** 444 Pa. 556, 281 A.2d 870 (1971), and thus, does not constitute legally competent evidence. In this case the Commonwealth has failed to establish *prima facie* that a crime has been committed and that [the defendant] committed that crime.

**Verbonitz**, 581 A.2d at 174.

If hearsay alone is insufficient to make out a *prima facie* case at a preliminary hearing, then the use of unproven allegations alone to designate a person as an SVP is also improper. Where a defendant has no prior or subsequent opportunity to disprove the hearsay allegations, they cannot

---

[5] The "legal residuum" rule, also known as the "Walker Rule" in Pennsylvania, provides that "**unobjected** to hearsay evidence can be relied on to support a finding if it is corroborated by other competent evidence, while objected to hearsay evidence can never be relied on to support a finding." **Walker v. Unemployment Comp. Board of Review**, 367 A.2d 366, 370 (Pa. 1976). (citations omitted) (emphasis added.)

amount to clear and convincing evidence upon which an SVP determination must be made.

Indeed, it has long been recognized that hearsay statements do not become more credible simply because an expert has relied on them in formulating an opinion:

> The facts which the expert assumes to be true for the purposes of a hypothetical must be put in evidence by witnesses other than the expert himself. **Houston v. Canon Bowl, Inc.**, 443 Pa. 383, 278 A.2d 908 (1971). "To the extent that [the expert's] opinions were predicated upon factual assumptions ... those assumptions 'must find some support in the record.'" **Shaw by Strain v. Strackhouse**, 920 F.2d 1135, 1142 (3d Cir. 1990) (quoting **Pennsylvania Dental Association v. Medical Service Association of Pennsylvania**, 745 F.2d 248, 262 (3d Cir. 1984)). This is because the opinion of an expert does not constitute proof of the existence of facts necessary to support the opinion. **Collins v. Hand**, 431 Pa. 378, 246 A.2d 398, 404 (1968); **see also Kimberly Clark Corporation v. Workers' Compensation Appeal Board (Bullard)**, 790 A.2d 1072 (Pa. Cmwlth. 2001) (holding that a surveillance video not offered into evidence could not support a medical expert's opinion that an individual could return to work without restrictions because it lacked factual foundation).

**Carletti v. Commonwealth, Department of Transportation**, 190 A.3d 766, 778 (Pa. Cmwlth. 2018).

For these reasons, because Dr. Muscari's opinion and her report were based on unproven allegations, the trial court should have excluded that evidence and her opinion based on that evidence. Furthermore, because she was its only witness, without any proof to support the underlying claims that formed the basis of Dr. Muscari's opinion, the Commonwealth failed to present clear and convincing evidence that Aumick qualifies as an SVP. Accordingly,

because the Commonwealth has not made out it statutory evidentiary burden, the trial court's SVP designation is reversed.

Judgment of sentence reversed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/23/2022